## T. G. COOPER & CO., Inc. v. BRICE.

Civ. 46–394.

United States District Court
S. D. New York.

Dec. 15, 1948.

John L. Seymour, of New York City, for plaintiff.

Harry Hausknecht, of New York City, for defendant.

HULBERT, District Judge.

Plaintiff, a Pennsylvania corporation, domiciled in Philadelphia, Pa., has moved for summary judgment pursuant to rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.

Defendant is a native of France but resident of this district.

The complaint, filed June 21, 1948, sets forth ten "Counts".

It is alleged in Count 1:

"5. Prior to January 12, 1942, defendant Brice, then known as Bloch, approached the plaintiff and represented that he was in possession of a secret and original process for making an acceptable vegetable wax substitute for Carnauba wax, a natural product then scarce because of the war. Carnauba wax is used in making shoe polish, floor polish, automobile polish, carbon paper, insulating compositions, and the like. Defendant proposed to plaintiff a business arrangement involving the manufacture, use, and sale of said substitute. The said substitute is called Corumbu in the trade.

"6. On January 12, 1942, defendant and plaintiff entered into a contract which is

attached hereto as Exhibit A. This contract, although modified orally from time to time in connection with specific undertakings, formed the working basis of the business relations of the parties until it was superseded on January 12, 1948, by a contract hereinafter referred to as Exhibit B."

Defendant denies each and every allegation contained in the numbered paragraphs 5 to 10 inclusive in Count 1, except that defendant admits:

"(a) That prior to January 12, 1942, he created a secret process for the making of a wax substitute for Carnauba wax.

"(b) That on or about January 12, 1942, defendant entered into an agreement with the plaintiff, a copy of which is attached to the complaint and marked Exhibit A.

"(c) That on or about January 12, 1948, defendant signed the agreement bearing that date, a copy of which is attached to the complaint and which is marked Exhibit B."

He also denies each and every allegation in Counts 2 to 10 inclusive.

The complaint further sets up "an offer to do equity" and demands

(a) As to Count 1, $100,415.59 due on June 15, 1948, together with interest from January 12, 1948 and costs;

(b) As to Count 2, discovery and an accounting, including a discovery of the alleged processes named and all of the details of defendant's transactions in and to the said materials, together with payment therefor, or the return thereof, and damages for losses sustained by reason of the fluctuation of the market, together with interest and costs.

(c) As to Count 3, treble damages.

(d) As to Count 4, $7,600, together with interest and costs.

(e) As to Count 5, specific performance of the contract of January 12, 1948 in each and every part and clause thereof.

(f) As to Count 6, discovery, an accounting, the material or value thereof, and damages for losses sustained by reason of the fluctuation of the market together with interest and costs.

(g) Damages of $400,000 for valuation of the contract or exclusive use.

(h) Discovery and an accounting of all defendant's transactions pertaining to any of the said products Corumbu, Polibase, and Solibase, Intermediate A, and Item A, and all other matters outstanding between the parties; and that defendant be declared a trustee of all profits made by virtue of the practice by himself or by others of the process exclusively granted to plaintiff, and that defendant be compelled to pay over to plaintiff all such profits together with interest and costs.

(i) As to Counts 6 and 7, a temporary and permanent injunction restraining the defendant himself from practicing in the United States said original process or using the product thereof, or selling the product thereof in the United States except at the written consent of the plaintiff.

(j) As to Counts 7 and 8, a temporary and permanent injunction restraining the defendant from making any disclosures of any original processes included in the contract Exhibit B to any person, natural or legal.

(k) As to Count 9, discovery, an accounting, and a settlement of all matters outstanding between the parties together with damages for the defendant's several breaches, interest and costs.

(l) As to Count 10, that the defendant be ordered to submit his books and records for inspection and copying, and that the defendant be ordered to permit plaintiff to inspect his books and business records at any time during business hours.

On August 11, 1948, and before the service of the defendant's answer, the amendment to rule 26, F.R.C.P. having become effective March 19, 1948, plaintiff's attorney gave notice that the deposition of the defendant would be taken at the United States Court House in this District on September 8, 1948 "concerning all matters alleged in the complaint", and the defendant was directed to bring with him "all records and documents and account books pertaining to the disposition of 77,000 pounds of Carnauba wax received" from the plaintiff. The defendant points out that at this examination, which occu-

pied three full days, there were present plaintiff's local Philadelphia attorney, Mr. McGrath, and representatives of the plaintiff, for the taking of whose depositions on October 4, 1948 in Philadelphia the plaintiff's attorney subsequently gave notice. Meanwhile, defendant interposed his answer on September 16, 1948, in which he set up an "alleged complete defense".

In paragraphs 8, 9 and 10 thereof, he set forth that from 1942 to June 1948, he bought from and sold to the plaintiff various chemicals and performed various technical services at plaintiff's request; that he became entitled to receive from plaintiff various sums as royalties for the use of secret processes and formulae created by the parties which, in December 1947, he reduced to writing; that he forwarded a copy thereof to the plaintiff, which was followed by the execution of the agreement hereinbefore referred to as Exhibit B. The plaintiff served a reply to defendant's said pleading, admitting the allegations of paragraphs 8 to 10 inclusive, but controverted all the other allegations which, among other things, were the basis of a demand by the defendant for the "reformation of the contract of January 12, 1948", and requiring plaintiff to perform said contract as so reformed.

After the joinder of issue, the depositions of Bernard Douredoure and Louis Schoener, which had been adjourned from October 4th by stipulation between counsel, were taken on October 6th and 7th. The attorney for the defendant did not attend and participate because he determined that since the plaintiff had chosen this jurisdiction to commence its action and its representatives had been present at the examination of the defendant in New York, plaintiff was without right to notice and take said depositions in Philadelphia. Defendant's attorney "reserved the right" to cross-examination at the trial.

On November 9, 1948, plaintiff's attorney served a notice of motion to amend Count 8 to conform to the proof. It was not returnable at any time or place, but was brought up on the argument of this motion and consented to. At that time, the attorney for the defendant presented an application for leave to amend his answer by setting up a specific counterclaim for $75,000, which was allowed because not objected to. At the same time, defendant's attorney presented an affidavit verified by the defendant in opposition to the motion for summary judgment to which plaintiff's attorney did object because of extraneous statements therein contained. This affidavit raises substantial questions of fact concerning the various counts of the complaint.

After a thorough review of the voluminous record and a careful consideration thereof, this Court has a reasonable doubt that plaintiff is entitled to summary judgment, and the motion is denied.

Trial Judges have been admonished to exercise great care in granting motions for summary judgment. Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130; Arnstein v. Porter, 2 Cir., 154 F.2d 464. "Doubt as to the existence of a genuine issue of material fact must be resolved against the party moving for a summary judgment." Hawkins v. Frick-Reid Supply Corp., 5 Cir., 154 F.2d 88, 89.

Settle order on notice.