<hr />

## MYERS *v.* ROGER J. SULLIVAN CO.

1. CONTRACTS—BREACH — EMPLOYMENT — MASTER AND SERVANT— DISCHARGE OF SERVANT.

    The discharge of an employé that defendant engaged for a definite term was not justified by the fact that during his employment by defendant he organized a corporation to engage in a competing business after the expiration of his contract, and became an officer of the new company, since he was entitled to prepare for and secure employment after his contract should end.

2. SAME.

    And plaintiff should have been permitted to recover the amount accruing to him under a clause in his contract providing for a percentage of the net profits of the defendant's business, in addition to the specified salary.[1]

[1] As to remedy of servant wrongfully discharged, by action for damages for breach of contract, see note in 6 L. R. A. (N. S.) 50.

As to right of wrongfully discharged servant to recover wages for contract period subsequent to discharge, see notes in 5 L. R. A. (N. S.) 439; 28 L. R. A. (N. S.) 577.

Error to Wayne; Murfin, J. Submitted April 6, 1911. (Docket No. 27.) Decided June 2, 1911.

Assumpsit by Alfred J. Myers against the Roger J. Sullivan Company on a contract of employment. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*Lucking, Emmons & Helfman,* for appellant.

*Edwin Henderson,* for appellee.

McALVAY, J. A judgment on a verdict, instructed in favor of defendant by the court, was entered in this suit, brought by plaintiff to recover a balance claimed to be due him under a written agreement between the parties. Defendant offered no evidence in the case.

The contract reads as follows:

"Agreement made this 7th day of November, 1907, between the Roger J. Sullivan Company, of Detroit, Michigan, of the first part, and Alfred J. Myers, of the same place, of the second part, witnesseth: That in consideration of the faithful performance by the second party of his agreements hereinafter set forth, said first party agrees to and does hereby employ said second party as 'Manager and Buyer' of its business conducted at Nos. 113–115 Michigan avenue, for the period of two years from January first, 1908, at a salary of three thousand ($3,000.00) dollars per annum, payable weekly, and the further compensation of eight (8) per cent. of the net profits of the business, such net profits to be ascertained and said commission paid at the expiration of every six months during the life of this agreement, when an inventory shall be taken and the net profits ascertained, and for the purposes of calculating such net profits the salaries of the officers of the company are to be figured as an expense to the amount only as the same are fixed at present.

"In consideration of the premises, second party accepts of said employment upon the terms aforesaid and agrees, during said period, to devote his undivided time and attention and give his best service in the interests of said first party and its business aforesaid, and to do all that

lies in his power to increase the volume of first party's business and further its interests.

"He further agrees to freely consult with the president and treasurer of the first party in relation to said business, its progress and development, and keep them informed, as far as practicable, of the daily transactions thereof; he shall hire and discharge all the help required to properly conduct said business, and that in performance of his duties, he will attend to the advertising and himself write the advertisements.

"It being mutually understood between the parties hereto that while such second party is employed as manager of said business such management shall be under the general supervision and direction of the board of directors of said company, and that all checks, notes and money obligations of the business are to be signed only by the treasurer of the first party.

"Executed in duplicate at the city of Detroit, the day and year first above written.

> "ROGER J. SULLIVAN CO.,
> > "Per WM. KELLY, Pres.
> "EDWARD A. STRICKER, Secretary.
> > "ALFRED J. MYERS

"In the presence of:
    "Lena M. Rivard,
    "Maude A. Manne."

Plaintiff entered upon his service under the contract according to its terms as manager and buyer of defendant company, and continued in such employment until May 8, 1909, when he was discharged for a claimed breach of the contract. He brought suit at the expiration of the term for a balance claimed to be due for salary, including a percentage of profits under the contract.

The claimed breach of the contract was that plaintiff during its continuance had become interested in a competitive business. The proposed business was of the same kind in which defendant was engaged. The record shows that plaintiff was making arrangements to go into business when his contract ended; that steps were taken and a corporation was organized of which he was an officer, and arrangements had been entered into to have plans prepared for a new store to be built for the purpose of

carrying on such business. The new corporation was not carrying on business, and had not intended to do so before this contract expired. Plaintiff's uncontradicted testimony shows that he told defendant of his plans, and satisfaction was expressed with his services; and also that prior to his discharge plaintiff had not bought or sold merchandise or made contracts for the purchase and sale thereof in competition with defendant, or been actually engaged in a competing business or deprived defendant of trade; that he had devoted all his services and attention to defendant's business during business hours; that defendant's business was successful. It increased about one-third in volume and was profitable under plaintiff's management. No damages to defendant were shown. There was no friction between the parties or objection by defendant until the date of the discharge. The record shows that after his discharge plaintiff sought new employment, but was unable to find it; that then the completion of the store for the use of the corporation which had been organized was hurried, and the business started October 1, 1909. Plaintiff was paid his fixed salary to the date of his discharge. He was not paid his share of the profits provided by the contract from January 1, 1909, to May 8, 1909. Plaintiff urges that the judgment should be reversed on account of errors committed by the court in directing a verdict and charging the jury that as a matter of law plaintiff on the record could not recover.

We think that the mere planning by an employé during his contract of employment to engage after the expiration thereof in a competing business does not justify his discharge as a matter of law. *Nichol* v. *Martyn*, 2 Espinasse R. 732; *Biest* v. *Shoe Co.*, 97 Mo. App. 137 (70 S. W. 1081); *Hermann* v. *Littlefield*, 109 Cal. 430 (42 Pac. 443); *Shoemaker* v. *Acker*, 116 Cal. 239 (48 Pac. 62). The cases cited may be claimed not to be exactly in point. We think that in principle they are applicable. *Nichol* v. *Martyn, supra*, where a salesman during the term of his employment planned to engage in a like business, al-

though an old case, does not appear to have been questioned, and upon the facts appears to be quite similar to the instant case. The complaint made by defendant is that by connecting himself with this corporation plaintiff put himself in an attitude of hostility towards defendant, and that of itself was sufficient cause for discharge. The facts are that the concern had not as yet entered into business, and did not propose to until the expiration of plaintiff's term of hiring. It amounted on the part of plaintiff to a mere planning for employment. One is entitled to seek other employment before he is on the street. The contrary would be a monstrous doctrine. A servant may not, while engaged in the service of his master—

"Injure his trade, or undermine his business; but every one has a right, if he can, to better his situation in the world, and if he does it by means not contrary to law, though the master may be eventually injured, it is *damnum absque injuria.*" *Nichol* v. *Martyn, supra.*

It is claimed that the case of *Dieringer* v. *Meyer*, 42 Wis. 311 (24 Am. Rep. 415), is squarely against the plaintiff. In that case there was an active interest in a competing business already established. All the cases agree to such doctrine, but no case holds that a mere planning to engage in a competing business not yet in operation is prohibited by a contract such as the one in this case. The plaintiff's case as made is accepted as true. The court was in error in directing a verdict. The case should have been submitted to the jury.

The case must also be reversed upon another ground. There was no dispute but that the contract of percentage for the current year's profits up to the date of discharge had not been complied with. Plaintiff was in any event entitled to recover such percentage.

The judgment of the circuit court is reversed, and a new trial granted.

OSTRANDER, C. J., and BIRD, HOOKER, and MOORE, JJ., concurred.