## LEVY v. JARRETT. (No. 1214.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 10, 1917. Rehearing Denied Nov. 7, 1917.)

1. TRIAL ⬅️205—INSTRUCTIONS—NECESSITY— BURDEN OF PROOF.

Trial court, in submission of special issues, should give proper charge on the burden of proof in connection therewith.

2. APPEAL AND ERROR ⬅️1067 — HARMLESS ERROR—ERRORS NOT AFFECTING RESULT.

Refusal to give proper charge on burden of proof is harmless error, where it does not appear that result would probably have been different if charge had been given.

3. MASTER AND SERVANT ⬅️73(3)—COMPENSATION—FORFEITURE.

Preparing, before end of term for which servant was employed, to engage in competitive business at expiration of term, and attempting to engage one of employer's clerks for his business when opened, are not such unlawful acts as to forfeit his right to compensation for past services.

4. MASTER AND SERVANT ⬅️30(1)—GROUNDS FOR DISCHARGE.

That an employé intends, at expiration of his term of employment, to engage in competing business is not ground of discharge.

5. MASTER AND SERVANT ⬅️41(1)—ACTIONS FOR COMPENSATION—AMOUNT OF RECOVERY.

An employé, wrongfully discharged, may sue on contract for services performed and recover proportional compensation.

6. MASTER AND SERVANT ⊂⊃75 — COMPENSA-
TION—MUTUAL ABANDONMENT.
    If a contract of employment is mutually
abandoned, the employé is entitled to recover
proportional compensation for his services.

7. MASTER AND SERVANT ⊂⊃32—GROUNDS FOR
DISCHARGE.
    When an employer assigns grounds for dis-
charge of employé, he cannot afterwards justify
it on other grounds which were not at the time
made the basis of termination of contract.

8. MASTER AND SERVANT ⊂⊃73(3)—COMPEN-
SATION—DAMAGES FOR MISCONDUCT.
    In a discharged employé's action to recover
compensation for past services, the employer
may set off damages for actual misconduct by
employé; though he did not base discharge on
those grounds.

    Appeal from Potter County Court; T. W.
McBride, Judge.

    Action by M. J. Jarrett against J. Levy.
From judgment for plaintiff, defendant ap-
peals. Affirmed.

    C. E. Gustavus, of Amarillo, for appellant.
Reeder & Dooley, of Amarillo, for appellee.

    BOYCE, J. In this case appellee, Jarrett,
recovered judgment against appellant, Levy,
as compensation alleged to be due for services
under a contract of employment, as manager
of a department of appellant's store at Ama-
rillo. The contract of employment provided
that appellee, for his services, was to receive
a salary of $150 per month, and in addition
a commission of 2 per cent. on the gross
sales of the department of which he was
manager. The only dispute between the par-
ties with reference to the contract was as
to the time it was to cover—appellee claim-
ing that it was for six months and appellant
that it was for one year. According to the
testimony of both parties, the commission
was to be paid at the end of the term of em-
ployment. It was shown that some time in
April, 1916, appellee rented a building in
Amarillo and was preparing to quit the serv-
ice of appellant on July 1st, the date of the
expiration of the six months for which he
claimed he was employed, and at that time
engage in a business competitive with his
employer. Appellee did not inform appellant
of his plans, but appellant, having learned
of them from other sources, inquired of ap-
pellee with reference thereto and, being in-
formed by appellee that such was his inten-
tion, requested appellee to quit the service on
June 1st, and appellee did so. The contro-
versy is as to the right of appellee to re-
cover the 2 per cent. commission on the
gross sales of his department during the
time of his employment.

    Appellant asserts that the contract being
for one year was breached by appellee's de-
clared intention to terminate it at the end
of six months. The jury found, in response
to two special issues submitted, that the
contract was for six months and the con-
verse that it was not for one year, and appel-
lant presents an assignment complaining of

the action of the court in refusing to sub-
mit a requested instruction as to the burden
of proof in connection with the submission
of the first issue stated.

    [1] It is ordinarily true that the trial court
in the submission of special issues, should
give a proper charge on the burden of proof
in connection therewith. Texas Baptist Uni-
versity v. Patton, 145 S. W. 1063; Sanger
v. Bank, 170 S. W. 1087.

    [2] The solution of the sole issue between
the parties as to the terms of the contract
depended upon the weight the jury should
give to the testimony of the plaintiff and
the defendant, respectively, they being the
only witnesses to the terms of the contract,
which was oral. The court gave the usual
charge to the effect that the jury were the
sole judges of the credibility of the witnesses,
and the weight to be given to their testimony,
etc. Under these circumstances it is doubt-
ful whether a charge on the burden of proof,
in connection with the submission of the is-
sue, was necessary. T. & P. Ry. Co. v.
Geiger, 79 Tex. 13, 15 S. W. 216; Blum v.
Strong, 71 Tex. 324, 6 S. W. 167; Frost v.
Grimmer, 142 S. W. 615; Stooksberry v.
Swan, 85 Tex. 563, 22 S. W. 963; Syfan v.
Ry., 43 S. W. 553. At any rate, we do not
think it appears that the result would prob-
ably have been different if the charge had
been given, so that, if the action of the court
was error, it was harmless.

    Appellant pleaded that appellee, during his
employment, was unfaithful and disloyal to
the interests of his employer; that he was
guilty of disobedience of instructions, and
failed to discharge properly the duties of his
employment, and thereby breached the con-
tract and forfeited any right to the commis-
sion which was to be paid at the end of the
term of his services. Some evidence was offer-
ed as to some specific instance of disobedience
to general instructions, as to adhering to
marked prices, reporting sales, etc., and evi-
dence was offered but rejected as to some
specific instances of exhibition of irritability
on the part of the appellee in dealing with
customers of the store. Appellant, by va-
rious assignments, complains of the action of
the court in refusing to permit the introduc-
tion of the evidence referred to as being offer-
ed and in refusing to submit issues to the jury
as to the faithfulness of appellee's service,
the only issues submitted being the two issues
as to the stipulation of the contract fixing
the term of the employment, as before stated.

    [3] The charge of disloyalty against appel-
lee is based on the fact of his renting a build-
ing and preparing to engage in a competitive
business at the expiration of his term of
service, and also an alleged effort on his
part, while in his employer's service, to en-
gage one of such employer's clerks for ap-
pellee's business when opened. The only
authorities to which we have been cited as

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

bearing on this question hold, we think correctly, that such acts alone on the part of the employé are not wrongful. Myers v. Sullivan Co., 166 Mich. 193, 131 N. W. 521, 34 L. R. A. (N. S.) 1217; Nichol v. Martyn, 2 Esp. 732. It is not every act of disregard of and inattention to the duties of the employment that will forfeit the servant's right to compensation, though he may be discharged by reason thereof. Cotton v. Rand, 93 Tex. 7, 51 S. W. 843, 53 S. W. 343; Hahl v. Kellogg, 42 Tex. Civ. App. 636, 94 S. W. 391; Eidson v. Saxon, 30 S. W. 957; Mechem on Agency (2d Ed.) § 1548. The following rule stated by Mechem is generally adopted by the authorities as correctly stating the law:

"If the agent was guilty of such misconduct as amounts to treachery, or if he wholly failed to recognize the duties and responsibilities imposed upon him by his situation or so conduct himself that his services are of no value, it is entirely just and reasonable that he should receive no compensation whatever and to this extent the law is well settled."

We think it clear that the acts charged against appellee do not come within this rule.

[4-8] The appellee was requested to quit appellant's service because of his expressed intention to enter into business for himself on July 1st, prior to the expiration of his term of service, as appellant claimed. If the transaction is to be treated as a discharge, under the finding of the jury and the authorities above cited, this discharge was wrongful, and all the authorities agree that in such event appellee could sue on the contract for the services performed and recover a proportional compensation. If the transaction be treated as a mutual abandonment of the contract, appellee would be entitled to recover proportional compensation for his services. Labatt on Master & Servant, §§ 467-468. If the acts of misconduct other than his planning to enter into business for himself upon the expiration of his term of employment, now charged against appellee, would have justified his discharge, they were not made the basis of the termination of the contract and would not affect appellee's right to recover on it, as appellant at the time did not treat such acts as being a breach of the contract, but, on the contrary, insisted that he was entitled to appellee's services until the end of the year, and terminated the contract because of his expressed intention to quit the service earlier than such time. Dunkell v. Simons (N. Y. City Ct.) 5 N. Y. Supp. 417; Wright v. Graves Land Co., 100 Wis. 269, 75 N. W. 1000; Mechem on Agency (2d Ed.) § 1581. Under these circumstances we think appellee could recover on the contract, and the showing of these acts of misconduct would not defeat recovery entirely, though appellant may have pleaded them and asked for damages in offset of appellee's claim. This he did not do. For this reason we think the issues as to these alleged acts of misconduct in the service are immaterial, and overrule appellant's assignments in reference thereto.

Even if appellee had been rightfully discharged for these other alleged acts of misconduct, numerous authorities hold that he could nevertheless maintain his suit for compensation, and could recover the proportional part of the compensation earned under the contract subject to the right of the employer to offset this recovery, with the damages sustained by him on account of the wrongful acts of the servant in disregard of his duty. Hildebrand v. Art Co., 109 Wis. 171, 85 N. W. 268, 53 L. R. A., 826; Maratta v. Chas. H. Heer Dry Goods Co., 190 Mo. App. 420, 177 S. W. 718; Myers v. Sullivan Co., 166 Mich, 193, 131 N. W. 521, 34 L. R. A. (N. S.) 1217. It is not so clear to us, however, whether in Texas the recovery would not be on a quantum meruit, and just how far the contract might be used by the plaintiff in such circumstances as a basis for the suit and determination of the value of the services. Carroll v. Welch, 26 Tex. 147; Meade v. Rutledge, 11 Tex. 44-52; Shute & Limont v. McVitie, 72 S. W. 433; Peacock v. Coltrane, 44 Tex. Civ. App. 530, 99 S. W. 107; Cotton v. Rand, 93 Tex. 7, 51 S. W. 843, 53 S. W. 343; Basse v. Allen, 43 Tex. 481; Mudgett v. Texas Tobacco Manf. Co., 61 S. W. 150, and for this reason base our ruling on the conclusions announced above.

Affirmed.