## KEISER v. WALSH.

### No. 7706.

United States Court of Appeals for the District of Columbia.

Argued Dec. 9, 1940.

Decided Jan. 21, 1941.

Stanley Worth and J. Nelson Anderson, both of Washington, D. C. for appellant.

John A. Bresnahan, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

The question is whether appellant's amended complaint, which the District Court dismissed, states a claim on which relief can be granted.

The amended complaint alleges that in January, 1938, plaintiff contracted with Bowling & Gardiner to act as their real estate sales representative in "Edgewood," for commissions of five per cent on sales negotiated by him and one per cent on sales negotiated by others; that plaintiff thereafter employed defendant as a real estate salesman; that defendant resigned that employment on May 28, 1938; and that *"prior to his resignation from plaintiff's employ,* or prior to June 2, 1938, *the defendant* secretly, subversively and maliciously *influenced and succeeded in persuading the said Bowling & Gardiner to cancel its contract with plaintiff and to employ the defendant as sales manager of said subdivision of 'Edgewood',* or conspired with them to do so.[1] Said cancellation by Bowling & Gardiner occurred on, to wit, June 2, 1938, previously to which arrangements for said employment of the defendant by Bowling & Gardiner were completed, under which the defendant was to receive three per cent on all houses sold by him and one per cent on all houses sold by others. Defendant is still so employed." The complaint then alleges that, from the sales of houses in Edgewood, defendant has derived commissions which but for his acts would have accrued to plaintiff, and that he has derived, or will derive unless he is prevented, additional commissions from the sales of other houses. It asks that defendant be enjoined from making further sales in Edgewood and required to account, as constructive trustee, for his commissions.

Rule 8(e) (2) of the Federal Rules of Civil Procedure [2] expressly permits the pleading of alternatives, and provides that an alternative statement which would be sufficient if made independently is not vitiated by the insufficiency of other alternative statements. Appellant has pleaded four alternatives.[3] We think that, in connection with the rest of the complaint, the one which we have italicized states a claim on which relief can be granted.

---

[1] Emphasis supplied.
[2] 28 U.S.C.A. following section 723c.

[3] It might perhaps be questioned whether the pleading of all four in a single sen-

The allegations of the complaint are broad enough to permit proof that defendant was a fiduciary. An agent need not wait until he is on the street before he looks for other work. He may plan and prepare, during the agency, to engage in a competing business after it ceases.[4] But his duty forbids him, during the agency, to ask his principal's customers to transfer their custom, even though the transfer is not to take effect until after the agency ceases.[5] Such conduct may seduce the agent from using his best efforts in his principal's behalf; for a transaction lost to the principal now may be a transaction gained by the agent later. It closely resembles dealing in the subject matter of the agency for the agent's own account, which is of course forbidden.[6]

We need not consider whether appellant has asked for the proper relief. By Rule 54(c) of the Federal Rules of Civil Procedure " * * * every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Accordingly a complaint is sufficient if it sets forth facts which show that the plaintiff is entitled to any relief which the court can grant.

Reversed.

---

tence meets the requirement of Rule 8 (e) (1) that "each averment of a pleading shall be simple, concise, and direct." Cf. Catanzaritti v. Bianco, D.C.M.D.Pa., 25 F.Supp. 457; Shell Petroleum Corporation v. Stueve, D.C.D.Minn., 25 F. Supp. 879. But this question seems to be answered in appellant's favor by Form 10 in the Appendix of Forms, 28 U.S.C.A. following section 723c.

[4] Myers v. Roger J. Sullivan Co., 166 Mich. 193, 131 N.W. 521, 34 L.R.A.,N.S.,

1217; Lindsay v. Swift, 230 Mass. 407, 119 N.E. 787.

[5] Wessex Dairies Limited v. Smith, [1935] 2 K.B. 80. Cf. Meinhard v. Salmon, 249 N.Y. 458, 164 N.E. 545, 62 A. L.R. 1 (coadventurer).

[6] Trice v. Comstock, 8 Cir., 121 F. 620, 61 L.R.A. 176; Pratt v. Shell Petroleum Corporation, 10 Cir., 100 F.2d 833; Beatty v. Guggenheim Exploration Co., 225 N. Y. 380, 122 N.E. 378.