## HAWKINS v. FRICK-REID SUPPLY CORPORATION.

### No. 11403.

Circuit Court of Appeals, Fifth Circuit.
March 19, 1946.
Rehearing Denied May 17, 1946.

Ben D. Clower, of Dallas, Tex., for appellant.

G. Ellis Gable, of Tulsa, Okla., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

J. C. Hawkins, successor to the rights of Hawkins & Howell Drilling Company, brought this suit to recover from Frick-Reid Supply Corporation the purchase price of certain drill pipe.

The contention of the plaintiff is that the drill pipe was defective and not suitable for the purposes for which it was manufactured; that it was made of soft material not suitable for drilling oil wells; that in trying to use it in the drilling of an oil well the pipe had worn more than a quarter of an inch; and that much of it finally twisted in two. The contention was further made that there was an implied warranty that the pipe was usable and suitable for the purpose for which it was purchased, and that there was an express warranty set out in the invoice contract on which the pipe was shipped and delivered.

The defendant's answer denied that the drill pipe was defective; that any implied or express warranty was made concerning the pipe, and also set up as a defense limitations and laches.

It is without dispute that the plaintiff had purchased material, machinery and equipment from the defendant throughout the years amounting to many thousands of dollars, and on each purchase made, there was used an invoice of like import and containing substantially the same provisions as the one on which the shipment of pipe here was made. We are warranted, therefore, in holding that the invoice was the contract between the parties, and that decision must turn upon the following clause of the invoice contract:

"No claim for allowance will be recognized unless presented within a reasonable time after receipt of the material. Seller

agrees to replace material found defective for the purpose for which manufactured, but will not pay for labor, expense or damage resulting from its use. It is understood as to machinery or machinery parts specified in your order and purchased for your account no warranty of fitness shall apply except manufacturer's express guarantee."

The court awarded summary judgment in favor of the defendant upon the ground that the drill pipe was *machinery* or *machinery parts* and not *material* within the meaning of the invoice clause.

In the absence of anything to show that a particular meaning was intended, the words employed by the parties in the invoice contract are to be given their ordinary and popular meaning. *Material* is defined in Webster's New International Dictionary as:

"The substance or substances, or the part, goods, stock, or the like, of which anything is composed or may be made. The apparatus or implements necessary to the doing of anything."

*Machinery* is defined as:

"Machines, in general, or collectively; also the working parts of a machine, engine, or instrument; as, the machinery of a watch. The means and appliances by which anything is kept in action or a desired result is obtained; a system of parts adapted to a purpose."

When we come to apply these definitions to the drill pipe here under consideration, we must walk with a question mark in each hand. It is referred to in the record as a "string of drill pipe." Certain it is that when it becomes attached to a line of pipe in a well with a rotary drill it becomes machinery, but apart and before being attached it may be material.

Take for illustration, wire cable and heavy manila rope: Wrap and coil these two articles and they become material. They might be shipped for a specific purpose and yet upon arrival they could be used for many purposes. When used in a ship's tackle they both become machinery; when used in a cable crossing a stream and to which a boat is fastened they become machinery; when attached to a crane and used to move heavy objects they become machinery, since they are a part of the crane. We do not think, however, that wire cable and manila rope could be specified as machinery or machinery parts until they actually become a part of some machine. So that, we do not think that the court was warranted in pointing out the "string of drill pipe" and decreeing that it was machinery or machinery parts. It becomes patent that the court erred in finding as a matter of law that the pipe here in question was *machinery* or *machinery parts*.

While the construction of a contract is ordinarily for the court, if the terms are ambiguous and it becomes necessary to resort to extrinsic evidence to ascertain the intent of the parties, then the issue becomes one for the jury to decide as a question of fact. 17 C.J.S., Contracts, § 617; Hill & Combs v. First National Bank of SanAngelo, 5 Cir., 139 F.2d 740; Kresge Co. v. Sears, 1 Cir., 87 F.2d 135, 110 A.L.R. 583; Cameron Mill & Elevator Co. v. Orthwein's Sons, 5 Cir., 120 F. 463; C. H. Pope & Co. v. Bibb Mfg. Co., D.C., 290 F. 581; Richardson v. City of Boston, 19 How. 263, 60 U.S. 263, 15 L.Ed. 639.

Mr. Justice Story, speaking for the court in the case of Brown & Co. v. McGran, 14 Pet. 479, 39 U.S. 479, 493, 10 L.Ed. 550, said, "It is certainly true, as a general rule, that the interpretation of written instruments properly belongs to the court and not to the jury. But there certainly are cases, in which, from the different senses of the words used, of their obscure and indeterminate reference to unexplained circumstances, the true interpretation of the language may be left to the consideration of the jury, for the purpose of carrying into effect the real intention of the parties."

While the pleading appears to be somewhat confused, nevertheless, "* * * every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.' Accordingly, a complaint is sufficient if it sets forth facts which show that the plaintiff is entitled to any relief which the court can grant." Keiser v. Walsh, 73 App.D.C. 167, 118 F.2d 13, 14.

It is not the function of the trial court upon motion for summary judgment to try the issue of fact if, as here, a factual question is presented. The primary determination is whether or not there is an issue of fact to be tried. Doubt as to the existence of a genuine issue of material fact must be resolved against the party

moving for a summary judgment. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016; Weisser v. Mursam Shoe Corp., 2 Cir., 127 F.2d 344, 145 A.L.R. 467; Whitaker v. Coleman, 5 Cir., 115 F.2d 305.

The case is reversed and remanded, and the parties may reform their pleadings as they may be advised when they come to try the fact issue upon another trial.

Reversed and remanded.