246 F.2d 221
 Nick DOTSCHAY, for the use and benefit of Olympia ALFONSO,
and Nick Dotschay, individually, Appellants,
v.
NATIONAL MUTUAL INSURANCE COMPANY of the DISTRICT OF
COLUMBIA, Appellee.
 No. 16398.
 United States Court of Appeals Fifth Circuit.
 June 10, 1957.
 
 Harry Zuckerman, Gerard Ehrich, Miami, Fla., for appellant.
 Henry Burnett, Miami, Fla., Fowler, White, Gillen, Yancey & Humkey, Miami, Fla., of counsel, for appellee.
 Before RIVES, JONES and BROWN, Circuit Judges.
 RIVES, Circuit Judge.
 
 
 1
 The complaint was based on the alleged breach of duty of a liability insurer to settle or compromise a claim. The district court was of the opinion that the insured could not use for the use of the injured party, that the cause of action on the part of the insured himself did not accrue until he had satisfied the judgment against him, and since that had not been done, the court dismissed the action 'with prejudice as to the plaintiff Nick Dotschay for the use and benefit of Olympia Alfonso,' and 'without prejudice as to the plaintiff Nick Dotschay, individually.' This appeal ensued
 
 
 2
 It is clear that in Florida a liability insurer is under a duty at least to exercise good faith in the settlement of a claim against the insured,[1] and that is not disputed.
 
 
 3
 The Florida Supreme Court has not decided the question of whether an insured's right of action to recover damages for a breach of that duty accrues only upon his payment of the excess judgment and decisions of that question from other states are in conflict.[2] We do not find it necessary to decide that question in advance of the State courts, for the jurisdiction of the federal district court was more elastic than simply to award damages. It could declare the rights of the parties,[3] and grant further necessary or proper relief.[4]
 
 
 4
 In dismissing the action without prejudice as to the plaintiff Nick Dotschay, individually, the district court expressed the opinion that 'if a cause of action exists for the plaintiff Nick Dotschay it is not one upon which suit was brought herein.' Again, in colloquy with counsel, the court stated: 'I think Nick Dotschay probably could bring an action for declaratory relief * * *.' It seems to us that the district court overlooked our liberal rule of federal practice under which the complaint is not to be dismissed because the plaintiff's lawyer has misconceived the proper legal theory of the claim, but is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, regardless of whether it asks for the proper relief.[5]
 
 
 5
 We hold, therefore, that the court erred in dismissing the complaint as to the plaintiff Nick Dotschay, individually. It is not necessary upon this appeal to decide whether Nick Dotschay could properly maintain the suit for the use and benefit of Olympia Alfonso. However, since the dismissal of that part of the complaint was 'with prejudice,' out of an abundance of precaution, lest it might be claimed that the judgment of dismissal became res judicata against Olympia Alfonso, the entire judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion. See 28 U.S.C.A. § 2106.
 
 
 6
 Reversed and remanded.
 
 
 
 [1]
 Auto Mutual Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852, 859; American Fidelity & Casualty Co. v. Greyhound Corp., 5 Cir., 232 F.2d 89, 93; Tully v. Travelers Insurance Co., D.C.N.D.Fla., 118 F.Supp. 568, 569
 
 
 [2]
 Payment not a prerequisite: Southern Fire & Casualty Co. v. Norris, 35 Tenn.App. 657, 250 S.W.2d 785; Schwartz v. Norwich Union Ind. Co., 212 Wis. 593, 250 N.W. 446
 Payment required: American Mutual Liability Ins. Co. of Mass. v. Cooper, 5 Cir., 61 F.2d 446, 448; State Automobile Mut. Ins. Co. of Columbus, Ohio v. York, 4 Cir., 104 F.2d 730; Dumas v. Hartford Acc. & Indemnity Co., 92 N.H. 140, 26 A.2d 361. See, also, Annotation 40 A.L.R.2d 190, et seq.
 
 
 [3]
 ' § 2201. Creation of remedy
 'In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States and the District Court for the Territory of Alaska, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.' 28 U.S.C.A. § 2201.
 
 
 [4]
 ' § 2202. Further relief
 'Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.' 28 U.S.C.A. § 2202.
 
 
 [5]
 Rules 8(a)(2), 12(b)(6), and 54(c), Federal Rules of Civil Procedure, 28 U.S.C.A.; Keiser v. Walsh, 73 App.D.C. 167, 118 F.2d 13, 14; Kansas City, St. L. & C.R. Co. v. Alton R. Co., 7 Cir., 124 F.2d 780, 783; Hawkins v. Frick-Reid Supply Corporation, 5 Cir., 154 F.2d 88, 89; Schoonover v. Schoonover, 10 Cir., 172 F.2d 526, 530; Blazer v. Black, 10 Cir., 196 F.2d 139, 147; Hutches v. Renfroe, 5 Cir., 200 F.2d 337, 340; Driggers v. Business Men's Assurance Co. of America, 5 Cir., 219 F.2d 292, 297; 6 Moore's Federal Practice, 2nd ed., Para. 54.60, pp. 1203, 1204