COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-149-CV

 

 

RICHARD MOON, JR.                                                           APPELLANT

 

                                                   V.

 

STAR-TELEGRAM OPERATING, LTD.                                         APPELLEE

 

                                              ------------

 

            FROM
THE 17TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Richard Moon, Jr. (AAppellant@) appeals
the trial court=s summary
judgment in favor of Star-Telegram Operating, Ltd. (AAppellee@).  We affirm.

BACKGROUND








Appellant sued Appellee for
libel, slander, and wrongful termination. Appellee terminated Appellant=s employment as a senior staff photographer in April 2004 for
falsifying his expense report.  Appellant
claimed that this termination was wrongful, arguing that he did not falsify his
expense report, and he contended that Appellee=s supervisors and managers slandered him by telling third parties that
he did.  Appellee moved for a traditional
and no- evidence summary judgment. 
Appellant filed a response, attaching his own evidence and incorporating
the evidence that Appellee filed with its motion.[2]


SUMMARY JUDGMENT

In his sole issue, Appellant
contends that the trial court erred by granting summary judgment in favor of
Appellee.[3]  Specifically, Appellant argues that 








 

Athere are material issues of fact that should be decided by a jury@ (subissue 1), that the method used by Appellee to terminate him
should be an exception to

the at-will doctrine of Texas employment law
(subissue 2), and that Appellee=s actions slandered him (subissue 3). 
We will address his wrongful termination and slander claims first, to
evaluate whether Appellant has presented any genuine issues of material fact
with regard to those claims.

Standard Of
Review








After an adequate time for
discovery, the party without the burden of proof may, without presenting
evidence, move for summary judgment on the ground that there is no-evidence to
support an essential element of the nonmovant=s claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence. 
Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d
193, 207 (Tex. 2002).  When reviewing a
no-evidence summary judgment, we examine the entire record in the light most
favorable to the nonmovant, indulging every reasonable inference and resolving
any doubts against the movant.  Sudan
v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006). 
The trial court must grant the motion unless the nonmovant produces
summary judgment evidence that raises a genuine issue of material fact.  See Tex.
R. Civ. P. 166a(i) & cmt.; Sw. Elec. Power Co., 73 S.W.3d
211, 215 (Tex. 2002).

If the nonmovant brings
forward more than a scintilla of probative evidence that raises a genuine issue
of material fact, then a no-evidence summary judgment is not proper.  Moore v. K Mart Corp., 981 S.W.2d 266,
269 (Tex. App.CSan Antonio
1998, pet. denied).  ALess than a scintilla@ exists when the evidence is so weak as to do no more than create a
mere surmise or suspicion of a fact.  King
Ranch v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert. denied, 541
U.S. 1030 (2004).  AMore than a scintillaA exists when the evidence would enable reasonable and fair‑minded
people to reach different conclusions.  Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004); Merrell Dow
Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied,
523 U.S. 1119 (1998).  A genuine issue of
material fact is raised by presenting evidence on which a reasonable jury could
return a verdict in the nonmovant=s favor.  Moore, 981
S.W.2d at 266; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
255‑56, 106 S. Ct. 2505, 2513‑14 (1986) (interpreting Fed. R. Civ. P. 56).








Texas Rule of Civil Procedure
166a does not prohibit a party from combining in a single motion a request for
traditional summary judgment and  a
request for no-evidence summary judgment. 
See Tex. R. Civ. P. 166a(c),
(i); Binur v. Jacobo, 135 S.W.3d 646, 650 (Tex. 2004).  When, as here, a party moves for summary
judgment under both rules 166a(c) and 166a(i), we will first review the trial
court=s judgment under the no-evidence standards of rule 166a(i).  Ford Motor Co., 135 S.W.3d at
600.  If the nonmovant failed to produce
more than a scintilla of evidence under that burden, then there is no need to
analyze whether the summary judgment proof satisfied the traditional summary
judgment test of rule 166a(c).  Id.  When, as here, a trial court=s order granting summary judgment does not specify the ground or
grounds relied on for its ruling, summary judgment will be affirmed on appeal
if any of the theories presented to the trial court and preserved for appellate
review are meritorious.  Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003); Star‑Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). 

Wrongful
Termination








With regard to Appellant=s wrongful termination claim, it is well settled that employment for
an indefinite term may be terminated at will and without cause.  See Tex. Farm Bureau Mut. Ins. Cos. v.
Sears, 84 S.W.3d 604, 608 (Tex. 2002); 
Morales v. SimuFlite Training Intern., Inc., 132 S.W.3d 603, 608
(Tex. App.CFort Worth
2004, no pet.); Burt v. City of Burkburnett, 800 S.W.2d 625, 626 (Tex.
App.CFort Worth 1990, writ denied). 
An employer generally can terminate an at‑will employee for any
reason or no reason at all, as long as the reason is not illegal.  See Mission Petroleum Carriers, Inc. v.
Solomon, 106 S.W.3d 705, 715 (Tex. 2003) (noting that the Sears
court refused to limit the scope of the at-will doctrine by declining to
recognize a cause of action for negligent investigation of an at‑will
employee=s alleged misconduct); Sabine Pilot Serv. Inc. v. Hauck, 687
S.W.2d 733, 735 (Tex. 1985).  In Sabine
Pilot, the Texas Supreme Court recognized only one limited common‑law
exception to the at‑will employment doctrine.[4]  See City of Midland v. O=Bryant, 18 S.W.3d 209, 215 (Tex.
2000); Sabine Pilot, 687 S.W.2d at 735. 
The Sabine Pilot court held that an employer may not discharge an
employee for the sole reason that the employee refused to perform an illegal
act that carried criminal penalties.  687
S.W.2d at 735.








Appellant does not contend
that the Sabine Pilot exception applies to him, and he does not dispute
that he was an at‑will employee.[5]  Instead, he argues that we should create an
exception to the at‑will doctrine for his facts.[6]  To support his proposition, he cites a number
of cases; however, these cases are inapposite because they address breach of
contract rather than at‑will employment.[7]








An at‑will employer
does not incur liability for carelessly forming its reasons for
termination.  Wal‑Mart Stores,
Inc. v. Canchola, 121 S.W.3d 735, 740 (Tex. 2003); Sears, 84 S.W.3d
at 609.  Nevertheless, there is no
evidence in the record that would support an argument that Appellant=s supervisors carelessly formed their decision to terminate him for
falsifying his expense report.  Ellen
Alfano, Appellee=s Managing Editor/Sports,
was the head of Appellant=s
department.  Max Faulkner, Appellee=s Director of Photography, and Bruce Maxwell, Appellee=s Photo Editor, were Appellant=s supervisors.  Byars was
Appellee=s Director of Human Resources. 
The affidavits of Byars, Alfano, Faulkner, and Maxwell, attached by
Appellee to its motion and adopted by Appellant, establish that in April 2004,
these individuals believed that Appellant had submitted an expense report that
requested reimbursement for expenses that he had not incurred.

Faulkner stated that in March
or April 2004, he reviewed the expense report submitted by Appellant for travel
expenses incurred between February 18, 2004 and March 23, 2004, that he became
suspicious because the expense report was much higher than expected, and that
he brought his suspicions to Alfano, who directed him to look into the
matter.  Alfano=s statements in her affidavit mirror Faulkner=s.








Faulkner stated that he
calculated the mileage to the locations claimed by Appellant and multiplied
this number by the amount Appellee reimbursed employees per mile, $.28, and
that his results equaled $192.08, far less than the $599.20 requested by
Appellant.  He provided Alfano a copy of
his calculations and his comparison of Appellant=s travel expenses to that of Appellee=s other photographers, and he attached those documents to his
affidavit.[8]
Alfano also attached to her affidavit the expense report, with Faulkner=s calculations and the comparative expenses of other department
personnel that Faulkner provided her, and she stated that after Faulkner
reported to her the results of his investigation, she discussed the results
with Maxwell.  Alfano and Maxwell=s affidavits both state that, per their discussion, they decided that
Appellee should terminate Appellant based on the expense report.













In his deposition, Appellant
testified that he did not falsify any records or steal any money from Appellee
and that he was fired for falsifying records and theft, but when asked why he
believed Appellee fired him, he replied, AI have no idea.@[9]  Appellant states that he filed
his expense report requesting $599.20 on March 23, 2004, and that he was
terminated on April 16, 2004; Appellee does not dispute this.  Appellant attached to his response a copy of
a check dated April 20, 2004, payable to him from Appellee, for $599.20, the
full amount he had requested in the expense report.[10]  He contends that this check Asuggests there is no proof that the expense report was false, and that
Appellee used this false reason to illegally terminate [Appellant] and defame
him in his work community.@  He also attached a copy of a
fax sent to Appellee from the Texas Workforce Commission (ATWC@) dated May
12, 2004, stating that he was entitled to unemployment benefits and that, per
TWC=s investigation, Athe incident your employer discharged you for was not misconduct
connected with the work.@  There is no explanation in this fax of the
incident referred to, of the misconduct, how TWC arrived at its conclusion, or
whether Appellee appealed TWC=s decision.[11]

 

A party cannot avoid summary
judgment by relying on circumstantial evidence that is equally consistent with
the nonexistence of the fact the party seeks to prove.  Soodeen v. Rychel, 802 S.W.2d 361, 363
(Tex. App.CHouston [1st
Dist.] 1990, writ denied); see also Hammerly Oaks, Inc. v. Edwards, 958
S.W.2d 387, 392 (Tex. 1997) (holding that Ameager circumstantial evidence@ that could give rise to any number of inferences, none more probable
than another, is no evidence of an ultimate fact issue).  Appellant presented no evidence that Appellee=s payment was authorized by the people in his department in spite of
their decision to terminate his employment or of any communication between
those people and the department that issued the check.[12]









By definition, the employment‑at‑will
doctrine does not require an employer to be reasonable, or even careful, in
making its termination decisions.  Sears,
84 S.W.3d at 609.  As long as its reason
for terminating Appellant was not illegal, Appellee could have fired him, an at‑will
employee, for falsifying his expense report or for no reason at all.  See id.  Appellant has not alleged an illegal reason
for his termination.  








With regard to Appellant=s exception argument, it is not sufficient for Appellant to present
evidence that the expense report investigation was imperfect, incomplete, or
arrived at a possibly incorrect conclusion; he must show both that the reason
given by Appellee for his termination was false and allege the real,
illegal reason for his termination.  See Canchola, 121 S.W.3d at 740 (stating,
with regard to disability employment discrimination claim, that the plaintiff
had to show that the reason given by his employer for termination was false and
that the discrimination was the real reason); see also St. Mary=s Honor Ctr. v. Hicks, 509 U.S.
502,  515, 113 S. Ct. 2742, 2752 (1993)
(stating, with regard to racial employment discrimination, a plaintiff cannot
put forth a reason as a pretext for discrimination unless he can show both that
the reason was false and that discrimination was the real reason).  Appellant has not brought forth more than a
scintilla of evidence that the reason given by Appellee for his termination was
false, nor has he alleged or identified any Areal reason@ for his
termination.[13]  See King Ranch, 118 S.W.3d at
751.  Therefore, we conclude that the
trial court did not err by granting Appellee=s no-evidence summary judgment motion on Appellant=s wrongful termination claim. 
We overrule Appellant=s second subissue. 

Slander 

To recover for defamation,
Appellant, a private individual, had the burden to prove that Appellee (1)
published a statement; (2) that was defamatory to Appellant; (3) while acting
negligently with regard to the statement=s truth.  See WFAA‑TV,
Inc. v. McLemore, 978 S.W.2d 568, 571 (Tex. 1998), cert. denied, 526
U.S. 1051 (1999).  Slander is defamation
that is orally published to a third party without legal excuse.  Randall=s Food Markets, Inc. v. Johnson, 891 S.W.2d
640, 646 (Tex. 1995);  AccuBanc Mortg.
Corp. v. Drummonds, 938 S.W.2d 135, 147 (Tex. App.CFort Worth 1996, writ denied). 

Appellant=s Allegations Pertaining To Appellee=s Supervisors And Managers








Appellant argues that
Appellee=s supervisors and managers, specifically Alfano, Faulkner, Byars, and
Maxwell, slandered him by telling Appellee=s other employees and people outside of Appellee=s company that Appellant had falsified his expense report.  Per our discussion above with regard to
Appellant=s wrongful
termination claim, Appellant presented no evidence that would create a genuine
issue of material fact pertaining to these individuals and any negligent acts
by them with regard to the truth of any alleged statements about Appellant=s termination.  See Tex. R. Civ. P. 166a(i).  After reviewing the entire record in the
light most favorable to Appellant, we conclude that his slander claim with
regard to Appellee=s supervisors
and managers fails for this reason, among others.[14]  See Sudan, 199 S.W.3d at 292.  We overrule this portion of Appellant=s third subissue.








Appellant=s Allegation Pertaining To Sharon Ellman And Mike Mulvey

Appellant also contends that
Sharon Ellman,[15]
one of Appellee=s part‑time
photographers, told Mike Mulvey, a staff photographer from the Dallas
Morning News, about the circumstances of Appellant=s termination.  Appellant
testified that when he was doing freelance work for the Dallas Morning News,
AI had heard that one Sharon Steinman . . . had visited with one of the
[Dallas] Morning News photographers,@ but that he did not Aknow the facts of what they talked about@ because when he talked with Mulvey, A[Mulvey] was concerned about getting her in trouble.@  He testified that his
conversation with Mulvey was at the Dallas Morning News in the commons
area two or three weeks after his termination because he had Ajust started freelancing,@ and that the conversation was a chance encounter that only lasted for
a minute or two.

Appellant testified that his
conversation with Mulvey transpired as follows:

I
asked [Mulvey] if . . . Sharon talked to him. 
He said, yes.  I
asked, . . . wasCit was about my
termination.  I said, AWhat
did she say.@  He said, AI really don=t
want to talk about it.  I don=t
want to get her in trouble.@  I kind of left it at that time.

 








Appellant testified that he told Mulvey
afterwards that he was terminated from Appellee and that he had been falsely
accused of falsifying records, an expense report.

Appellee attached Ellman=s affidavit to its motion and Appellant incorporated it into his own
summary judgment evidence.  Ellman
testified in her affidavit that she had never stated to, or discussed with,
Mike Mulvey, or any other employee of the Dallas Morning News, or anyone
else, the reason that Appellee terminated Appellant=s employment, and that she did not, in fact, know why Appellant had
been terminated.








Appellant failed to establish
both that a statement was published and that it was published to some third
person.  See Drummonds, 938 S.W.2d
at 147. Ellman=s statement
that she did not know why Appellant had been terminated and that she never said
anything to Mulvey or anyone else about why Appellant was terminated is
uncontroverted by Appellant=s testimony about his conversation with Mulvey.[16]  The substance of anything Ellman might have
otherwise said to Mulvey, given Appellant=s synopsis, is absent from the record. Mulvey=s own testimony, or an affidavit from him, is also absent from the
record.  Therefore, we overrule this
portion of Appellant=s third
subissue.

Appellant=s Compelled Self-Publication Argument

Finally, Appellant has
asserted that he was compelled, and would continue to be compelled, to repeat
Appellee=s alleged defamatory remarks to third persons when seeking
employment.  He also contends that when Aconfronted by other photographers of Appellee and of the Dallas
Morning News as to what happened,@ he has had to repeat the alleged defamation Ain order to defend himself against Appellee=s false claims.@[17]








We have held that,
ordinarily, communication of defamatory statements directly to the defamed
person, who then himself communicates them to a third party, is not publication
or, more accurately, is not self‑publication of the defamatory
statements.  Drummonds, 938 S.W.2d
at 147-48; see also Doe v. SmithKline Beecham Corp., 855 S.W.2d 248, 259
(Tex. App.CAustin
1993), aff=d as
modified on other grounds, 903 S.W.2d 347 (Tex.
1995).  Self‑publication does
occur, however, (1) if the defamed person=s communication of the defamatory statements to the third person was
made without an awareness of their defamatory nature and (2) if the
circumstances indicated that communication to a third party was likely.  Drummonds, 938 S.W.2d at 148 (citing Restatement (Second) of Torts ' 577 cmt. m (1977)).

Appellant refers us to Chasewood
Construction Co. v. Rico, 696 S.W.2d 439 (Tex. App.CSan Antonio 1985, writ ref=d n.r.e.), and First State Bank of Corpus Christi v. Ake, 606
S.W.2d 696 (Tex. Civ. App.CCorpus Christi 1980, writ ref=d n.r.e.), to support his argument under Athe doctrine of compelled self-publication,@ and, by inference, invites us to reconsider our holding in Drummonds.








In Drummonds, we
reviewed the Apure
foreseeability@ test those
cases set forth, observing that the courts in both of those cases held that
self‑publication occurs if the defamed person communicates the defamatory
statements to a third party and the surrounding circumstances indicate that the
communication was likely.  938 S.W.2d at
149.  We noted that, although both cases
relied on comment m to section 577 of the Restatement (Second) of Torts,A[i]nexplicably, however, neither of these courts addressed the first
prong of the self‑publication test that is set forth in comment m.@  Id.  Persuaded more by the Doe opinion,
which adopted comment m in its entirety, we declined to follow Rico or Ake,
and Appellant has presented us with no argument upon which to change our
position.  Id.

Like the plaintiff in Doe,
who alleged that publication occurred when she felt compelled to explain to
other potential employers the withdrawal of another potential employer=s offer, based on her failure of a drug test, Appellant contends that
he has been compelled to repeat that he was terminated for falsifying his
expense report.  See Doe, 855
S.W.2d at 251, 259.  The Doe court
held that because Doe immediately knew of the defamatory implications of the
statement, she failed the first part of the two-part test, and, additionally,
although she claimed that she felt compelled to disclose the statements, there
was no indication that she was compelled by law or other authority to repeat
the statements made by the first potential employer about the drug test
failure.  Id. at 259. 








Appellant=s contentions make it apparent that he was aware that the allegation
that he falsified his expense report, if untrue, was defamatory, failing the
first part of the two-part test.[18]  See Drummonds, 938 S.W.2d at
148.  Additionally, although the
circumstances surrounding Appellant=s subsequent job search after termination tended to indicate that
communication to a third party was likely, all of Appellant=s testimony in the record about revealing the reason for his
termination appears to be preemptive.  See
id.  We conclude that Appellant=s slander argument fails with regard to self-publication.  See id.  We overrule this portion of Appellant=s third subissue.

Appellant=s Remaining Fact Issues








Appellant listed the
following as genuine issues of material fact that should have precluded summary
judgment: (1) whether Appellant falsified his expense report; (2) why Appellant
was terminated; (3) why Appellee paid in full the expenses it claims Appellant
falsified; (4) whether Appellee=s employees communicated to third parties that Appellant was
terminated for falsifying his expense report; (5) whether Appellant was
wrongfully terminated by Appellee if he did not actually falsify his expense
report; and (6) whether Appellee wrongfully terminated Appellant for an illegal
reason.  Because we have concluded that
Appellant did not produce sufficient evidence to survive summary judgment on
his claims of wrongful termination and slander, and given our disposition of his
second and third subissues above, we need not address these contentions.  See Tex.
R. App. P. 47.1.

CONCLUSION

Having overruled Appellant=s sole issue, we affirm the judgment of the trial court.

 

DIXON W. HOLMAN

JUSTICE

 

PANEL
A:  CAYCE, C.J.; HOLMAN and MCCOY, JJ.

 

DELIVERED:  August 31, 2007











[1]See Tex.
R. App. P. 47.4.





[2]After the trial court granted
Appellee=s motion, Appellant filed a motion
for new trial or for reconsideration and attached his entire deposition and the
complete Texas Workforce Commission file on his case.  This motion was overruled by operation of
law, and Appellant does not contest its denial on appeal; therefore, we
consider only the material on file with the trial court as of the time the
summary judgment was granted.  Brookshire
v. Longhorn Chevrolet Co., 788 S.W.2d 209, 213 (Tex. App.CFort Worth 1990, no writ); see
also Rodgers v. Comm=n for Lawyer Discipline, 151 S.W.3d 602, 609 (Tex. App.CFort Worth 2004, pet. denied)
(stating that when reviewing a no- evidence summary judgment motion, the court
may consider only the summary judgment record); St. Paul Cos. v. Chevron
U.S.A., Inc., 798 S.W.2d 4, 6 (Tex. App.CHouston [1st Dist.] 1990, writ dism=d by agr.) (stating that the
appellate court may consider only the evidence on file before the trial court
at the time of the summary judgment hearing).  






[3]Appellant alleged libel, slander,
and wrongful termination in his petition but challenges the summary judgment
only on his slander and wrongful termination claims.  He acknowledged in his deposition and in his
motion for new trial that there were no written documents.





[4]Appellant did not refer the trial
court, or this court, to any statutory exceptions that might otherwise apply to
his facts.





[5]Matthew Byars, Appellee=s Director of Human Resources and
the custodian of records for that department, attached to his affidavit the
copy of Appellee=s offer letter to Appellant.  At his deposition, Appellant identified the
letter and testified that he signed it, indicating that he accepted its
conditions and that at‑will employment was a condition he had agreed to,
and that to his knowledge, Appellee had never given him anything in writing to
change his status from employee at will to something else.





[6]Specifically, Appellant contends
that 

 

it should be an exception to the at‑will
doctrine of employment law where an employer falsely accuses an employee of
being a thief, terminates the employee based on the false accusation, and then,
after the termination of the employee, pays the employee the full amount of the
employees claim for compensation on his [allegedly falsified] Expense Report.

 





[7]Appellant states, AIn Texas when an employer assigns
grounds for discharge of an employee it cannot later justify the termination on
grounds that were not made the basis of the termination at the time of the
discharge.@ In support of this proposition, he
cites Levy v. Jarrett, 198 S.W. 333, 335 (Tex. Civ. App.CAmarillo 1917, no writ) (addressing
misconduct in a breach of employment contract case), Measday v. Kwik‑Kopy
Corp., 713 F.2d 118 (5th Cir. 1983) (same), and Phoenix Insurance Co. v.
Ross Jewelers, Inc., 362 F.2d 985, 988 (5th Cir. 1966) (addressing breach
of insurance contract).  These cases are
inapposite because Appellant testified that he was an at‑will employee.





[8]Appellant complains that Appellee
had no basis for the figures calculated by Faulkner regarding Appellant=s expense report.  However, because he did not secure a ruling
on this objection, he has waived it.  See
Tex. R. App. P. 33.1(a); Bushell
v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh=g); Frazier v. Yu, 987
S.W.2d 607, 610 (Tex. App.CFort Worth 1999, pet. denied).  We also observe that the calculations
described by Faulkner in his affidavit (dividing the amount requested by
Appellant by $.28 to get Appellant=s total mileage per destination and then comparing that
mileage to actual mileage calculated for Appellant=s destinations) adequately explain
the numbers that Appellant complains have no basis.





[9]When asked whether he would agree
that it was an appropriate reason to terminate an employee if that employee
falsified an expense account, Appellant replied, AWhen they falsify it, when it=s a blatant lie.  I mean, just faking it,@ and Aif they falsified and lied on a
document.@





[10]Because Appellee did not file any
cross-points with regard to Appellant=s evidence and because we must assume that the trial court
considered it, as the court referenced only Aevidence@ and not Aadmissible evidence@ in its summary judgment order, we review Appellant=s evidence attached to his response
without regard to its admissibility.  Cf.
Gilbert v. General Motors Corp., No. 2‑05‑00243‑CV, 2006
WL 1714040, at *1, *4 (Tex. App.CFort Worth June 22, 2006, no pet.) (mem. op.) (reviewing
documents attached without affidavit to nonmovant=s response to no-evidence summary
judgment for admissibility where trial court=s order included language about Aadmissible summary judgment
evidence@). 





[11]Appellant also attached his
responses to Appellee=s interrogatories as evidence to
defeat Appellee=s summary judgment motion.  However, answers to interrogatories may be
used only against the responding party. 
See Tex. R. Civ. P. 197.3.  We may not consider his own interrogatory
responses as evidence to support his contentions.  See Yates v. Fisher, 988 S.W.2d 730,
731 (Tex. 1998); Belteton v. Desco Steel Erectors & Concrete, Inc.,
222 S.W.3d 600, 603, 609 (Tex. App.CHouston [14th Dist.] 2007, no pet. h.).





[12]The signature on the check appears
to be by AByron Ty,@ as near as we can tell, but it is
obviously different from the names of Appellant=s supervisors and department head,
that supplied the expense report falsification as the reason for Appellant=s termination.





[13]Although Appellant contends that
Appellee began treating him Adifferently than other similarly‑situated employees,@ he does not ascribe any basis,
illegal or otherwise, for this treatment. 
Instead, he states, AAppellee, for an unknown reason, targeted
[Appellant] long before Appellee terminated [Appellant].@ [Emphasis added.]





[14]Appellant also failed to bring
forth any evidence of publication by Alfano, Byars, Faulkner, or Maxwell to
anyone outside of Appellee=s company, or to any specific person within Appellee=s company.  See Drummonds, 938 S.W.2d at 147
(stating that to be actionable, a slanderous statement about the plaintiff must
be published to Asome third person@). 
None of the evidence in the record connects any alleged statement by
Alfano, Byars, Faulkner, or Maxwell to Appellant at the termination meeting
with anyone outside of Appellee=s company, and the uncontroverted evidence contained within
their affidavits provides their affirmative statements that they did not tell
anyone that Appellant was terminated for theft or for filing a false or
fraudulent expense report and that they had not discussed the reasons for his
termination with anyone except those present at the meeting with Appellant,
Appellee=s employees, and Appellee=s attorneys.





[15]Also known as ASharon Steinman@ professionally and occasionally so
referred to in the record. 





[16]Mulvey=s answer to Appellant=s question about whether Ellman
said something to him concerning Appellant=s termination was, AI really don=t want to talk about it.@





[17]With regard to Appellant=s contention about defending
himself, he refers us to the portion of his deposition pertaining to his
conversation with Mulvey. We reviewed that portion of the record above;
Appellant approached Mulvey and after asking him about Ellman, informed Mulvey
that he had been wrongfully terminated for falsifying his expense report.  There is nothing in the record to suggest
that Mulvey asked Appellant about his termination or that Mulvey had any
authority to employ Appellant.  To the
contrary, Appellant testified that Mulvey was only a staff photographer and
part-time editor.

Appellant also asserts
that, Aeven absent actual verbal or
written publication,@ Appellee=s actions implied a defamatory
communication by investigating him, meeting with other employees to discuss the
alleged falsification, explaining to other employees the reason for his
termination, and terminating his employment. 
However, he cites us to no Texas law to support such a claim.  We decline the invitation to reconsider
adopting a rule under which the very act of firing an employee would constitute
a defamatory statement.  See Drummonds,
938 S.W.2d at 150. 





[18]The deposition excerpts make clear
that every time he told someone that he had been terminated, he informed that
person that he was Afalsely accused of falsifying
records.@