**Angela Webb FRIDAY, Appellant,**

v.

**Pamela Sue SPEARS, Appellee.**

No. 06–97–00121–CV.

Court of Appeals of Texas,
Texarkana.

Submitted July 16, 1998.

Decided Aug. 6, 1998.

Kevin McCarter, Law Office of Terry L. Cox, Marshall, for appellant.

E. Lawrence Merriman, W. Mark Bennett, Merriman, Patterson, Allison, Longview, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Angela Webb Friday appeals a judgment in favor of Pamela Sue Spears in Friday's personal injury suit against Spears.

In a single point of error, Friday contends that the trial court erred by including a definition of "unavoidable accident" in the court's charge to the jury. Friday argues that no evidence was presented at trial to justify the instruction.

This case arises from an automobile collision that occurred on April 22, 1996. Evidence presented showed that Friday was driving in her vehicle immediately in front of Spears. The road was wet and slick from rain. A vehicle in front of Friday stopped suddenly to make a turn, which caused Friday to step on her brakes. Spears testified that she applied her brakes, hydroplaned, and hit Friday's vehicle. The collision resulted in slight damage to Friday's bumper and license plate. Friday also testified that she sustained injuries which caused her physical pain and suffering. X-rays taken immediately after the accident showed no injury. However, the emergency room physician told Friday that she had whiplash. Friday did not work for three weeks following the collision and was treated by a chiropractor for eight weeks for her injuries.

The trial court included in its charge a definition of "unavoidable accident," to which Friday objected. The jury returned a verdict in favor of Spears. Judgment on the verdict was rendered on August 21, 1997. Friday filed a Motion for New Trial, which was denied.

The trial court's jury charge is reviewed using an abuse of discretion standard of review.[1] A trial court has considerable discretion in submitting explanatory instructions and definitions.[2] If the charge resolves the controlling issues raised by the pleadings and any evidence in a feasible manner that does not confuse the jury, no error occurs.[3] Error in the jury charge is reversible only if it probably caused the rendition of an improper verdict.[4]

An unavoidable accident is an event not proximately caused by the negligence of

---

1. *Texas Dep't of Human Services v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990).

2. *Wisenbarger v. Gonzales Warm Springs Rehabilitation Hosp., Inc.*, 789 S.W.2d 688, 692 (Tex.App.-Corpus Christi 1990, writ denied).

3. *Connell Chevrolet Co., Inc. v. Leak*, 967 S.W.2d 888 (Tex.App.-Austin 1998, n.w.h.).

4. *Id.;* Tex.R.App. P. 44.1(a).

any party to it.[5] The only purpose of an instruction on unavoidable accident is to ensure that the jury will understand that they do not necessarily have to find that one or the other party to the suit was to blame for the occurrence complained of.[6] The instruction is most often used to inquire about the causal effect of some physical condition or circumstance such as fog, snow, sleet, wet or slick pavement, or obstruction of view, or to resolve a case involving a very young child who is legally incapable of negligence.[7] Courts should refrain from submitting an unavoidable accident instruction in other circumstances because of the risk that the jury will be misled or confused by the perception that the instruction represents a separate issue distinct from general principles of negligence.[8]

 An unavoidable accident instruction is proper only when there is evidence that the event was proximately caused by a non-human condition and not by the negligence of any party to the event.[9] Therefore, the issue of unavoidable accident must find some support in the evidence to authorize its submission.[10]

To determine if the instruction in the present case was proper, we must determine whether Spears presented a theory under which the accident could have happened, notwithstanding all the parties to the transaction exercised the degree of care required by law.[11]

Spears testified that the roads were wet at the time of the collision. Spears also testified that she was driving between twenty and twenty-five miles per hour, ten to fifteen miles per hour *under* the posted speed limit, and that she was approximately three car lengths behind Friday. She stated that when she saw Friday's car stop, she applied her brakes and hydroplaned into the car. Spears stated that when the two cars hit they "bounced off each other." Spears argues that this evidence shows that she was not negligent and justifies the instruction.

Friday also testified that the roads were wet and that it was raining at the time of the collision. She stated that the car in front of her came to sudden stop, causing her to stop suddenly. She then looked into her rearview mirror and saw Spears just before the collision. Friday testified that she was hit "pretty hard."

 This situation described by the testimony from Friday and Spears raised some evidence that the incident was caused by some extraneous condition not attributable to either party. Therefore, the instruction was supported by the evidence.

Friday argues that the Supreme Court's reasoning in *Reinhart v. Young* supports her contention that the instruction was improper. In *Reinhart,* the court held that the defendant produced strong evidence of his lack of negligence and secured a unanimous jury verdict of no liability. The court also stated that "nothing suggests that the jury in any way based its verdict on the unavoidable accident instruction" because an instruction on sudden emergency, which incorporated much of the same language as unavoidable accident, was submitted without objection, and little mention was made of unavoidable accident in the defendant's final argument.[12]

Spears discussed unavoidable accident in her opening statement and closing argument, and the jury verdict was divided ten to two on the finding of no liability. Friday argues that under the court's reasoning in *Reinhart,* the record in the present case shows that the jury relied on unavoidable accident in making

5. *Reinhart v. Young,* 906 S.W.2d 471, 472 (Tex. 1995), *citing Yarborough v. Berner,* 467 S.W.2d 188, 192 (Tex.1971).

6. *Reinhart,* 906 S.W.2d at 472.

7. *Id., citing Hill v. Winn Dixie Texas, Inc.,* 849 S.W.2d 802 (Tex.1992).

8. *Hill,* 849 S.W.2d at 803.

9. *Id.*

10. *Hukill v. H.E.B. Food Stores, Inc.,* 756 S.W.2d 840, 843 (Tex.App.-Corpus Christi 1988, no writ), *citing Hicks v. Brown,* 136 Tex. 399, 151 S.W.2d 790, 792 (1941).

11. *Hukill,* 756 S.W.2d at 843, *citing Orange & Northwestern R.R. Co. v. Harris,* 127 Tex. 13, 89 S.W.2d 973, 974 (1936).

12. *Reinhart,* 906 S.W.2d at 474.

its decision on liability, and, therefore, the instruction was submitted in error and was harmful.

■ We disagree. *Reinhart* is a plurality decision in which several of the Supreme Court justices expressed their reservations about the propriety of an unavoidable accident instruction in routine negligence cases.[13] However, the Supreme Court did not then, and has not since, held the instruction to be improper in cases such as the present one where the instruction has traditionally been used. The law in this state still permits the instruction in cases involving environmental conditions such as wet or slick pavement.

Friday also contends that the court charged on unavoidable accident in error because the wet surface was foreseeable. To support her argument, Friday cites *Hyatt Cheek Builders–Engineers Co. v. Board of Regents of University of Texas System.*[14] In that case, the cross-appellants asserted that the trial court erred in refusing to submit its requested instruction concerning unavoidable accident because there was evidence that soil movement caused the accident, that is, a pipe breaking. The court stated that, while there was some evidence of soil movement, the uncontroverted evidence revealed that the soil movement that led to the break was something which a reasonably prudent contractor would have or should have *foreseen.*[15] Therefore, the court held that it was not error for the trial court to refuse to submit an instruction on unavoidable accident.

■ Friday argues that *Hyatt* supports her position that the trial court erred in submitting the instruction in the present case because Spears admitted that she knew the roads were wet and that a person should be more cautious on wet roads and because Spears claimed to have been cautious since she was driving below the posted speed limit. This evidence, Friday argues, shows that the condition claimed as the cause of the "unavoidable accident" was not only foreseeable, but foreseen.

The logic in *Hyatt* applies here, but with a different result. In *Hyatt,* the court held that the condition-soil movement-should have been foreseen by the contractor and appropriate precautions should have been taken. Because the contractor did not foresee the condition and take adequate precautions, he was precluded from relying on "unavoidable accident" as a defense.

In the present case, the jury could have found from the evidence presented that Spears foresaw the condition of the slick, wet pavement and that Spears took the appropriate actions, i.e, slowing her speed and maintaining a proper distance between her car and the car in front of her. Because the jury could have concluded that Spears acted as a reasonably prudent person under the circumstances, foreseeability of the road conditions did not negate the propriety of the unavoidable accident instruction.

We hold that the instruction on unavoidable accident was properly included in the court's charge to the jury.

The judgment of the trial court is affirmed.

---

13. *Id.* at 473.

14. 607 S.W.2d 258 (Tex.Civ.App.-Texarkana 1980, writ dism'd).

15. *Id.* at 266.