IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10546
Summary Calendar

_____

LEONARD KIRKHAM, JR; ET AL,

Plaintiffs,

LEONARD KIRKHAM, JR.,

Plaintiff-Appellant,

v.

WESTWAY EXPRESS INC; JEWETT SCOTT TRUCK LINES INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
Docket No. 3:98-CV-204-BF(R)
_____

January 14, 2000

Before KING, Chief Judge, and WIENER and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

Plaintiff-Appellant Leonard Kirkham, Jr. ("Kirkham") appeals

from the district court's entry of judgment in favor of

Defendants-Appellees Westway Express, Inc. ("Westway") and Jewett

Scott Truck Lines, Inc. ("Jewett Scott") and its subsequent

_____

[*]Pursuant to 5TH CIR. 4. 47.5.,the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. 4. 47.5.4.

denial of his motion for a new trial.  For the following reasons, we AFFIRM.

Kirkham filed this diversity action against Westway and Jewett Scott claiming that he was injured in a semi-truck collision which occurred during a sudden winter snow-storm. Kirkham was driving a semi-truck for his employer when a truck owned by Westway rear-ended a truck owned by Jewett Scott, which, in turn, rear ended Kirkham.  A three-day jury trial was held in January, 1999.

Prior to the court's charging of the jury, Kirkham objected to instructing the jury on the doctrine of "unavoidable accident."[1]  The district court overruled Kirkham's objection and instructed the jury on unavoidable accident.  The jury returned a verdict in favor of Westway and Jewett Scott, finding that neither defendant was negligent in causing the accident.  The jury returned a verdict in favor of Westway and Jewett Scott, finding that neither defendant was negligent in causing the accident.  The jury returned a verdict in favor of Westway and Jewett Scott, finding that neither defendant was negligent in causing the accident.  After the court entered judgment, Kirkham moved for a new trial, re-asserting his objection to the unavoidable accident instruction.  The district court denied the motion and Kirkham timely appeals.  On appeal, Kirkham only argues that the district court erred in instructing the jury on

---

[1]  The instruction read: "'Unavoidable Accident' is an event not proximately caused by the negligence of any party to it."

2

unavoidable accident.

A trial court is "afforded great latitude in the framing and structure of the [jury] instructions." Barton's Disposal Service, Inc. v. Tiger Corp., 886 F.2d 1430, 1434 (5th Cir. 1989). Therefore, we review a district court's instructions to the jury for an abuse of discretion. See id. A party challenging a jury instruction must show that the instruction "as a whole creates 'substantial and ineradicable doubt whether the jury has been properly guided in its deliberations.'" Fed. Deposit Ins. Corp. v. Mijalis, 15 F.3d 1314, 1318 (5th Cir. 1994) (citing Bender v. Brumley, 1 F.3d 271, 276-77 (5th Cir. 1993)).

The district court did not abuse its discretion by instructing the jury on unavoidable accident. While it is true that the Texas Supreme Court has expressed serious reservations regarding unavoidable accident instructions, See Reinhart v. Young, 906 S.W.2d 471, 473 (Tex. 1995), the court has noted that such instruction are proper in cases requiring inquiry into the causal effect of "some physical condition or circumstance such as fog, snow, sleet, [or] wet or slick pavement." Id.; see also Hill v. Winn Dixie Texas, Inc., 849 S.W.2d 802 (Tex. 1992).

Although the parties disagree on the exact details of the accident, a review of the record indicates that the accident occurred during a winter storm and under less than ideal driving conditions. This is precisely the type of case where the Texas courts have found an unavoidable accident instruction appropriate. Even if hazardous driving conditions were

3

reasonably foreseeable, the jury was still free to conclude that the defendants' drivers "acted as []reasonably prudent persons under the circumstances, [so the] foreseeability of the road conditions did not negate the propriety of the unavoidable accident instruction." Friday v Spears, 975 S.W.2d 699, 702 (Tex. App. 1998, no writ).

Our review of the record indicates that the district court did not abuse its discretion in instructing the jury on unavoidable accident. Therefore, we AFFIRM.