Florence G. JONES, Appellant,

v.

JEFFERSON COUNTY, Appellee.

No. 06–99–00075–CV.

Court of Appeals of Texas,
Texarkana.

Argued Feb. 8, 2000.

Decided March 8, 2000.

Rehearing Overruled March 28, 2000.

Robert M. Wood, Woodville, for appellant.

Thomas F. Rugg, Jefferson County Dist. Attys. Office, Beaumont, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Florence Jones appeals a take-nothing judgment rendered by the district court in her suit against Jefferson County. Jones' suit alleged that she had been dismissed from her position as a deputy county clerk for racial reasons, and that she was not rehired by the county for employment in other positions in retaliation for her filing of a discrimination complaint and for filing this lawsuit.

Jones, who is African–American, was initially hired by the Jefferson County Clerk's office in April 1990. She first performed filing duties, but then began performing clerk duties for the county courts at law. During her tenure, she received regular pay raises and written commendations on her work. In the 1992–1993 time period, there developed a backlog in the processing of misdemeanor bond forfeiture cases in the clerk's office. In addition to her other duties, Jones was assigned to work on these files. She testified that she was told her first priorities were service to members of the public who came to the office counter and answering telephone inquiries from the public. Although her desk was sometimes moved, it was usually near the public counter. She testified that her second priority was taking care of the

needs of the county court at law judges and that her third priority was taking care of the backlog of bond forfeiture cases. Jones was aware of the large volume of bond forfeiture cases to process, and testified that she put the files in a large box and kept them under her desk. She further testified that she processed those files as she had time, given the other duties that she understood had priority. She testified that her immediate supervisor was aware not only of the size of the backlog, but also of the box kept under her desk. Jones also stated that her desk was built and situated in such a way that the box was visible.

In 1995, the bookkeeper of the clerk's office became aware that the amount of money being received by the county from bond forfeitures had dropped drastically. She made an inquiry of Jones' supervisor, but was not satisfied with the supervisor's explanations. The bookkeeper then made further inquiry of the chief deputy, but the chief deputy was unable to determine where all of the backlogged work was located. On April 24, 1995, Jones was absent from work and one of the office staff discovered the box of files Jones kept under her desk. The box contained 1,075 bond forfeiture case files. This was immediately called to the attention of the county clerk. The next day, the clerk met with Jones, Jones' supervisor, and the chief deputy, at which time the clerk confronted Jones about "hiding" work that was costing the county money. Jones told the clerk that Jones' supervisor was aware of both the backlog and the box under the desk, which knowledge the supervisor denied. The clerk also accused Jones of giving preference in her work to one judge, who is African–American, over another judge, who is Caucasian. Jones was terminated and asked to leave the premises.

Jones testified that she reapplied to the county for other positions, including a clerk's position with a constable who was a personal friend. Her applications were not forwarded, however, because the county had a policy of not rehiring individuals terminated for job performance reasons.

Jones subsequently filed a complaint of racial discrimination with the county grievance committee [1] and with the Texas Commission on Human Rights. She was issued a right to sue letter by the commission, and she timely initiated this lawsuit.[2] After she was denied other employment with the county, she filed a claim of retaliation with the commission and was issued a second right to sue letter. She then amended her discrimination lawsuit to include a claim for retaliation.

The jury found that race was not the motivating factor behind Jones' termination. The jury further found that while retaliation for Jones' filing of discrimination complaints was a motivating factor in the decision not to rehire Jones for other county positions, the county would have taken the same action with regard to Jones' application even without the impermissible motivating factor of retaliation. The trial court declined to issue any injunctive relief, rendering instead a take-nothing judgment.

■■■■ The elements that a plaintiff must show in order to establish a prima facie case of employment discrimination are: 1) she was a member of a protected class; 2) she suffered an adverse employment action; and 3) nonprotected class employees were not treated similarly. Once the plaintiff has established a prima facie case, the burden shifts to the employer to articulate legitimate, nondiscriminatory reasons for any alleged unequal treatment. After this is established by the employer, the burden then shifts back to the plaintiff to prove that the employer's

---

1. The record shows that the grievance committee recommended that Jones be rehired for her position and that the county clerk declined to follow this recommendation.

2. *See* TEX. LAB.CODE ANN. § 21.252 (Vernon 1996).

articulated reasons are a pretext for unlawful discrimination. Even though the burden of production shifts, the burden of persuasion remains continuously with the plaintiff. Subjective beliefs alone are insufficient to establish a prima facie case. *Farrington v. Sysco Food Servs., Inc.,* 865 S.W.2d 247, 251 (Tex.App.-Houston [1st Dist.] 1993, writ denied) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668, 677–78 (1973)); *see also Azubuike v. Fiesta Mart, Inc.,* 970 S.W.2d 60, 64 (Tex.App.-Houston [14th Dist.] 1998, no pet.).

■ The elements of a retaliation claim are: 1) the employee engaged in protected activity; 2) the employer took adverse employment action against the employee; and 3) the employer took the adverse action based on the employee's engagement in the protected activity. *Cox & Smith Inc. v. Cook,* 974 S.W.2d 217, 223 (Tex.App.-San Antonio 1998, pet. denied); *Mayberry v. Texas Dep't of Agric.,* 948 S.W.2d 312, 315 (Tex.App.-Austin 1997, writ denied). The same burden-shifting analysis used in other discrimination claims is also used in a retaliation claim. *Cox & Smith Inc.,* 974 S.W.2d at 223.

■ Jones first contends the trial court erred in refusing her proposed jury instruction, as follows:

You're instructed as a matter of law that an employer who discharges an employee on the basis of a particular reason cannot later set up different grounds and defense to the discharged employee's action for damages.

The trial court refused to give this instruction.

■ The trial court is to submit such instructions and definitions as shall be proper to enable the jury to render a verdict. Tex.R. Civ. P. 277. However, the trial court has considerable discretion in determining the necessity and propriety of explanatory instructions and definitions. The court may refuse to give a requested instruction that is not necessary to enable the jury to render a verdict, even if the instruction is a correct statement of the law. *White v. Liberty Eylau Indep. Sch. Dist.,* 920 S.W.2d 809, 811–12 (Tex.App.-Texarkana 1996, writ denied). Error in the jury charge is reversible only if, when viewed in the light of the totality of the circumstances, it amounts to such a denial of rights of the complaining party as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *Island Recreational Dev. Corp. v. Republic of Texas Sav. Ass'n,* 710 S.W.2d 551, 555 (Tex.1986); *see also* Tex. R.App. P. 44.1(a); *Friday v. Spears,* 975 S.W.2d 699, 700 (Tex.App.-Texarkana 1998, no pet.). The trial court must submit only those instructions and definitions pertaining to those issues raised by the written pleadings and supported by the evidence. Tex.R. Civ. P. 278; *Bleeker v. Villarreal,* 941 S.W.2d 163, 171 (Tex.App.-Corpus Christi 1996, pet. dism'd by agr.).

In her pleadings, Jones makes the following assertions against Jefferson County: 1) intentional discrimination against her based on race in violation of Tex. Lab. Code Ann. § 21.051(1) (Vernon 1996); 2) negligent discrimination, by negligently failing to control the acts or omissions of Jefferson County's agents or employees, in violation of Section 21.051(1) and Tex. Lab. Code Ann. § 21.055 (Vernon 1996); 3) that Jefferson County breached an enforceable contractual agreement by refusing to reinstate her in accordance with the decision of the grievance committee; and 4) Jefferson County retaliated against her because she alleged discrimination, in violation of Section 21.055.

The relevant statutory provisions are as follows:

An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:

(1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection

with compensation or the terms, conditions, or privileges of employment.

TEX. LAB.CODE ANN. § 21.051(1).

An employer, labor union, or employment agency commits an unlawful employment practice if the employer, labor union, or employment agency retaliates or discriminates against a person who, under this chapter:

    (1) opposes a discriminatory practice;

    (2) makes or files a charge;

    (3) files a complaint; or

    (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.

TEX. LAB.CODE ANN. § 21.055.

Jones relies on language found in the West headnotes of the case of *Levy v. Jarrett*, 198 S.W. 333 (Tex.Civ.App.-Amarillo 1917, no writ). The headnote states that "[w]hen employer assigns grounds for discharge of employee, he cannot afterwards justify it on other grounds which were not at the time made basis of termination of contract," [3] for her contention that the trial court erred in denying her requested instruction to the jury.

■ Even if this broad statement accurately states Texas law, Jones has not shown that it is applicable to either of her claims. Neither *Levy* nor *Measday v. Kwik–Kopy*, 713 F.2d 118 (5th Cir.1983), were employment discrimination cases. Both involved actions for alleged breach of employment contracts, and Jones has cited no legal authority applying the rule followed in those cases to an employment discrimination case. Under the law applicable to alleged racial discrimination, Jefferson County was under no legal obligation to articulate and prove a particular reason for the discharge of Jones; it only

needed to establish that its reasons for doing so were not motivated by race. *See* TEX. LAB.CODE ANN. § 21.125(a) (Vernon Supp.2000); COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC 107.6 (1997). Likewise, there is no burden on the employer in a retaliation case to state a basis for its action and then be forced to prove only that basis for the discharge. The employer need only prove that the motivation for its actions was not totally because the employee engaged in protected activity. *See* COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC 107.7, 107.16 (1997).

■ We find the trial court did not err in refusing the requested instruction and, even if it was error, we further find that Jones failed to demonstrate that such error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. TEX.R.APP. P. 44.1(a)(1).

■ Jones next contends that the trial court erred in refusing to grant her judgment notwithstanding the verdict on the jury's answer to Question 4, because Jefferson County failed to proffer evidence of good cause for Jones' termination. Jefferson County correctly points out that Question 4 does not relate to Jones' termination, but rather to the retaliation claim. Question 4 was conditioned on a "Yes" answer to Question 3, which asked the jury to find if Jones' "protected activity," i.e, filing a discrimination charge and bringing a discrimination lawsuit, was a motivating factor in the county's decision not to reinstate Jones, or in providing a negative employment reference for Jones, to which the jury answered "Yes." Question 4 then asked if the county would have taken the same action inquired about in Question 3

---

**3.** The broad language of the rule to which Jones refers is found only in the West headnote for the case, not in the language of the opinion. *Levy v. Jarrett*, 198 S.W. 333, 334 (Tex.Civ.App.-Amarillo 1917, no writ). In view of our disposition of this point, we express no opinion as to the validity or the scope of the rule. *See also Measday v. Kwik–Kopy Corp.*, 713 F.2d 118, 125–26 (5th Cir. 1983), which cites the headnote rule of *Levy* and states in a footnote that the Texas rule is contrary to the general rule.

in the absence of the impermissible motivating factor, to which the jury also answered "Yes."

■ A trial court may render a judgment notwithstanding the verdict if there is no evidence to support one or more jury findings on issues necessary to liability. *Best v. Ryan Auto Group, Inc.,* 786 S.W.2d 670, 671 (Tex.1990). We therefore review the record to determine whether there is any evidence to support the jury's verdict regarding whether Jefferson County would not have reinstated, or would have given a negative employment reference for Jones, even if she had not filed a discrimination complaint.

A constable for Jefferson County, who was Jones' personal friend, testified that when he inquired of Jefferson County Human Resources the reason Jones' application for his vacant clerk's position was not forwarded to him, he was informed that it was county policy not to rehire someone who had been terminated for performance reasons. He further testified that he was not aware of any retaliation against Jones by Jefferson County. The county clerk who terminated Jones testified that if she had rehired Jones, it would be the same as telling the other thirty-four staff members they could sit and not do their work, and no action would be taken against them. The human resources director for Jefferson County testified that the county policy was that individuals terminated from the county for performance issues would not be considered for rehire, at least not before reestablishing their credibility in other employment outside the county. He further testified that he was aware that Jones had been terminated for failing to perform her assigned duties. The employee relations compensation manager, who worked for the director of human resources, acknowledged receiving Jones' application (after Jones' termination) for the clerk's position in the constable's office. After its receipt, an individual in the manager's office determined not to forward the application to the constable because Jones

was considered "not qualified" based on her previous termination from employment with the county for job performance reasons. The manager, who was aware that Jones had been terminated because of the backlog of work found under her desk, personally explained this to the constable.

We find the jury had ample evidence on which to base its response to Question 4, that the county would have taken the same action, i.e., refusing to rehire Jones, in the absence of the "impermissible motivating factor." Jury Question 4 had no bearing on the issue of alleged discriminatory discharge. The trial court did not err in refusing to grant Jones' motion for judgment notwithstanding the verdict. Jones' contention is overruled.

■ In her third issue raised on this appeal, Jones complains of the trial court's refusal to grant her requested injunctive relief, in light of the jury's findings regarding Questions 3 and 4.

Section 21.125 of the Texas Labor Code provides as follows:

(a) Except as otherwise provided by this chapter, an unlawful employment practice is established when the complainant demonstrates that race, color, sex, national origin, religion, age, or disability was a motivating factor for an employment practice, even if other factors also motivated the practice, unless race, color, sex, national origin, religion, age, or disability is combined with objective job-related factors to attain diversity in the employer's work force.

(b) In a complaint in which a complainant proves a violation under Subsection (a) and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, *the court may grant declaratory relief, injunctive relief* except as otherwise provided by this subsection, and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a complaint under Subsection (a), but

may not award damages or issue an order requiring an admission, reinstatement, hiring, promotion, or back pay. Tex. Lab.Code Ann. § 21.125 (emphasis added).

■■■■ As a general rule, in order to obtain injunctive relief, an applicant must establish the existence of a wrongful act, imminent harm, irreparable injury, and the absence of an adequate remedy at law. *West Orange–Cove Consol. Indep. Sch. Dist. v. Smith,* 928 S.W.2d 773, 775 (Tex. App.-Beaumont 1996, no writ). When the injunctive relief is authorized by statute, the court may grant such relief based on the factors as provided in the statute, if supported by the evidence and the findings of the trier of fact. *See State v. Texas Pet Foods, Inc.,* 591 S.W.2d 800, 805 (Tex. 1979). The above-quoted statute does not, in this case, mandate an injunction if the trier of fact finds in accord with the requirements of Subsection (b). The court may grant injunctive relief. Therefore, the granting or denial of injunctive relief remains within the sound discretion of the trial court. *Swate v. Medina Community Hosp.,* 966 S.W.2d 693, 700 (Tex.App.-San Antonio 1998, pet. denied) (citing *Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex.1993)).

Jones correctly points out that Section 21.055, the anti-retaliation statute, contains no express standard of causation, as found in other sections of the statute pertaining to discriminatory conduct. Pattern jury charges have also adopted the "motivating factor" causation test in retaliation claims. *See* State Bar of Tex., Texas Pattern Jury Charges PJC 107.7 (1997), and comments thereto. State Bar of Tex., Texas Pattern Jury Charges PJC 107.16 (1997) provides that if "yes" is answered to the jury question as to whether the adverse employment action was based on an impermissible motivating factor, a defendant-employer who claims that its employment decision would have been made in the absence of such impermissible motivating factor is entitled to such an instruction. This was given as Question 4 in this case. As stated in Section 21.125(b) above, such a finding may entitle a plaintiff-employee to injunctive relief. Jones argues that the trial court's failure to do so in this case is an abuse of discretion.

■■■ An abuse of discretion, reversible on appeal, occurs only when a trial court acts without reference to any guiding rules or principles. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991). The determination of whether to grant an injunction based on the ultimate issues of fact found by the jury is for the trial court, exercising chancery powers, not the jury. *Texas Pet Foods, Inc.,* 591 S.W.2d at 803.

■■■ Jones does not explain what, in view of the jury's findings, would be accomplished by the issuance of injunctive relief in this case. The evidence, as found by the jury, was that Jones' application for rehire by the county was being handled in accordance with county policy. Jones produced no evidence that other employees, terminated for performance reasons but not filing discrimination complaints, were being rehired while she was not. Jones expresses apprehension regarding possible future discriminatory treatment by the county in any further application for rehire that she might submit. However, fear or apprehension of the possibility of injury is not sufficient; injunctive relief requires the plaintiff to prove the defendant has attempted or intends to harm the plaintiff in the future. *In re City of Dallas,* 977 S.W.2d 798, 804 (Tex.App.-Fort Worth 1998, orig. proceeding). No such evidence appears in this record. We hold that the trial court did not abuse its discretion in denying Jones' requested injunctive relief. This contention is overruled.

Finding no reversible error, we affirm the judgment of the trial court.