Affirmed and Memorandum Opinion filed September 28, 2004









Affirmed and Memorandum Opinion filed September 28,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01200-CV

____________

 

HOWARD KUCERA, Appellant

 

V.

 

HUMBLE INDEPENDENT
SCHOOL DISTRICT, Appellee

 



 

On Appeal from the 295th
District Court

Harris County, Texas

Trial Court Cause No. 02-36171

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment
granted in favor of appellee Humble Independent School District (AHumble ISD@) against
appellant Howard Kucera.  In three
issues, Kucera argues that the trial court erred in granting summary judgment
on his age discrimination and retaliation claims against Humble ISD and in
sustaining Humble ISD=s objections to certain summary judgment
evidence.  We affirm.

BACKGROUND








Humble ISD hired Kucera as the supervisor
of its Heating, Ventilation, and Air Conditioning (AHVAC@) department in
1994.  As the HVAC supervisor, Kucera was
responsible, among other things, for building temperatures and maintenance and
repair of HVAC equipment.  Initially,
Kucera was supervised by Don Uptegraph and Mark Krueger.  In 1999, Humble ISD hired Allan Scott, a
mechanical engineer, to implement a new energy management plan.  Various aspects of this job required him to
interact with Kucera and the HVAC department on a regular basis.  

In June 2000, Uptegraph reorganized the
department and placed the HVAC department under Scott=s supervision.  Kucera continued his direct supervision of
HVAC employees, but he now had three levels of supervision above him rather
than two.  Humble ISD claims it made this
change because Scott=s work with Kucera and the HVAC department
revealed equipment and employee performance issues under Kucera that Uptegraph
and Krueger had long suspected but could not verify due to their lack of
technical expertise.  Kucera alleges the
reorganization was in retaliation for his complaints to Uptegraph about
perceived discrimination against two older employees in May 2000.  Kucera claims he was stripped of authority
and that Scott, who was younger than he, was not qualified to supervise him due
to his lack of HVAC experience.  








Kucera did not appear to take well to
Scott=s
supervision.  He made comments to the
effect that he was not going to be told what to do by a Aforty-year-old valve
engineer.@ 
Scott gave Kucera several deadlines, which Kucera missed, and Scott and
Uptegraph also were concerned about what they saw as Kucera=s ineffective
supervision of his employees.  In October
2000, Kucera was placed on a 60-day professional improvement plan (APIP@).  The PIP identified areas of deficiency and
outlined several specific requirements on how to improve.  After the end of the 60-day period, Scott
again had similar problems with Kucera. 
Therefore, in March 2001, Kucera was given a second PIP with 30-, 60-,
and 90-day deadlines.  Uptegraph told
Kucera that if he did not successfully complete this second PIP, his employment
would be terminated.  In May 2001, Kucera
asked Uptegraph for a written progress evaluation, and Uptegraph provided an
evaluation that described eleven areas of deficiency.  When Uptegraph presented Kucera with this evaluation,
Kucera became upset and challenged Uptegraph to terminate him, which Uptegraph
did.  Kucera was replaced first with John
Conn and then Kenneth Kendrick, and Kucera contends that Conn, who is younger,
was less qualified.

Kucera sued Humble ISD, alleging that the
events beginning with placing Kucera under Scott=s supervision and
ending with his termination constituted age discrimination and retaliation
under the Texas Commission on Human Rights Act (ATCHRA@).  Humble ISD moved for summary judgment, and
both sides objected to much of the other=s summary judgment
evidence.  The trial court sustained some
of each party=s objections and then granted the
motion.  Kucera complains that the trial
court erred in sustaining certain of Humble ISD=s objections to
his summary judgment evidence and in granting Humble ISD=s motion for
summary judgment.

ANALYSIS

In his first two issues, Kucera contends
the trial court erred in granting Humble ISD=s motion for
summary judgment on his age discrimination and retaliation[1]
claims.  Humble ISD had the burden to
show that no genuine issue of material fact exists and that it is entitled to
judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  As a defendant, it must conclusively negate
at least one essential element of each of Kucera=s causes of action
or conclusively establish each element of an affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997).  In deciding
whether a disputed material fact issue exists precluding summary judgment, we
resolve every reasonable inference in favor of Kucera and take all evidence
favorable to him as true.  See id.








The TCHRA prohibits age discrimination and
retaliation in employment.  Tex. Lab. Code Ann. '' 21.051, 21.055
(Vernon 1996).  The legislature intended
to correlate state law with federal law in employment discrimination cases when
it enacted the TCHRA.  Wal-Mart
Stores, Inc. v. Canchola, 121 S.W.3d 735, 739 (Tex. 2003).  Therefore, analogous federal law guides our
reading of the TCHRA.  Quantum Chem.
Corp. v. Toennies, 47 S.W.3d 473, 476 (Tex. 2001).  

When, as here, a discrimination claim is
based on indirect evidence, the employee must first establish a prima facie
case of discrimination.  Id. at
476B77.  The burden then shifts to the employer to
articulate a legitimate, nondiscriminatory reason for its actions.  Id. at 477.  The burden then is on the employee to prove
both that the employer=s proffered reason is false and
that the real reason for its actions is discrimination.  Canchola, 121 S.W.3d at 740 (citing St.
Mary=s Honor Ctr. v. Hicks, 509 U.S. 502,
515 (1993)).  If the employer offers more
than one legitimate, nondiscriminatory reason for its actions, the employee
must rebut each one.  Laxton v. Gap,
Inc., 333 F.3d 572, 578 (5th Cir. 2003); Taylor v. County Bancshares,
Inc., 325 F. Supp. 2d 755, 772B73 (E.D. Tex.
2004) (collecting cases).  These same
standards apply to a claim for retaliation. 
Jones v. Jefferson County, 15 S.W.3d 206, 210 (Tex. App.CTexarkana 2000,
pet. denied).  

We assume without deciding that Kucera
established a prima facie case of discrimination and retaliation.  Humble ISD articulated three reasons for its
actions:  (1) Kucera failed to follow the
requirements in his PIPs, (2) he failed to adequately supervise his employees,
and (3) he had a confrontation with his supervisor in which he challenged his
supervisor to terminate him.  








Kucera failed to rebut any of these three
reasons.  He points to no evidence that
he complied with the PIPs or that the issues identified in the PIPs were
inaccurate or false.  Though he may have
had good technical skills, Kucera presented no evidence to dispute Humble ISD=s evidence that he
was a poor supervisor.[2]  Kucera may have believed himself to be a good
supervisor, but his subjective belief, no matter how genuine, is not competent
summary judgment evidence.  Winters v.
Chubb & Son, Inc., 132 S.W.3d 568, 576 (Tex. App.CHouston [14th
Dist.] 2004, no pet. h.).  Finally, Kucera
does not identify any evidence to dispute that he challenged Uptegraph to
terminate him. 

On appeal, Kucera attempts to raise a fact
issue regarding age discrimination solely by presenting evidence of Uptegraph=s supposed
discriminatory treatment of other older workers.  He attempts to raise a fact issue regarding
retaliation by emphasizing that the events leading up to his termination began
soon after he made a complaint about others being discriminated against.  This evidence, even assuming it is all
admissible, is insufficient to defeat summary judgment because he fails, as a
threshold matter, to point to any evidence that each of Humble ISD=s specific reasons
for its actions were in fact false.  See
Canchola, 121 S.W.3d at 740; Laxton, 333 F.3d at 578; Taylor,
325 F. Supp. 2d at 772B73. 
Therefore, summary judgment as to both his age discrimination and
retaliation claims was proper.  We
overrule Kucera=s first and second issues.

Having disposed of all Kucera=s issues, we
affirm the trial court=s judgment.

 

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

Judgment
rendered and Memorandum Opinion filed September 28, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  Kucera asserts
that the trial court erred in granting summary judgment on his retaliation
claim because Humble ISD did not specifically brief this claim in its
motion.  We disagree.  Humble ISD=s motion
contains several pages specifically addressing his retaliation claim, and many
of its other arguments regarding age discrimination overlap with retaliation
because the burdens of proof are the same. 
See Jones
v. Jefferson County,
15 S.W.3d 206, 210 (Tex. App.CTexarkana 2000, pet. denied).  Therefore,
the trial court did not err in considering Humble ISD=s summary judgment motion as moving on all of Kucera=s claims.





[2]  In his third
issue, Kucera complains that the trial court excluded some of his summary
judgment evidence, including evidence regarding his qualifications, such as
training certificates and performance evaluations.  Humble ISD had objected that these documents
had not been authenticated.  The
documents were attached to Kucera=s
affidavit in support of his response to Humble ISD=s summary judgment motion, but he made no attempt to authenticate
these documents in his affidavit and in fact never even mentioned them.  Kucera asserts in his brief that the
documents Awould have been provided by Appellee during discovery@ and are therefore self-authenticating under Texas
Rule of Civil Procedure 193.7.  However,
he has no proof, such as a bates-stamp, that they were produced by Humble ISD
during discovery, and Humble ISD denies that they were.  Because he made no attempt to authenticate
these documents and has no proof that they are self-authenticating, the trial
court did not abuse its discretion in excluding them.  See Blanche v. First Nationwide Mortgage
Corp., 74 S.W.3d 444, 451 (Tex. App.CDallas
2002, no pet.).  None of the remaining
evidentiary issues of which Kucera complains in his third issue are relevant to
our disposition of the case, and therefore we do not address them.