

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00128-CV

---

## IN THE ESTATE OF JULIAN D. DRISCOLL, DECEASED

---

On Appeal from the County Court at Law No. 2
Hays County, Texas
Trial Court No. 17-0334-P, Honorable Jimmy Alan Hall, Presiding

---

February 24, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Douglas Cones, challenges a judgment from a jury trial in favor of Appellee, the Estate of Julian D. Driscoll, Deceased. Cones urges the trial court erred by: (1) improperly instructing the jury the same jurors did not have to agree as to each finding; (2) the evidence was legally insufficient to support the jury's finding of no consideration for the deed in question; (3) the probate court lacked jurisdiction; and (4)

the jury's finding Driscoll lacked capacity to execute the deed was against the great weight of the evidence. We affirm.[1]

## BACKGROUND

In March 2015, a mere month after he suffered two strokes, Julian Driscoll, an 81-year-old army veteran fighting cancer, had a severe reaction to his chemotherapy drugs. His neighbor, Douglas Cones, who had helped him get to and from cancer treatments, drove him to the hospital. During his ten-day stay in the hospital, Driscoll was given several stacks of documents to sign by hospital staff. Cones assisted Driscoll in signing the necessary healthcare documents due to his poor vision and cataracts.

A month after leaving the hospital, Driscoll learned from a neighbor he had executed a warranty deed conveying his 100-acre property to Cones. The neighbor showed him a copy of the deed, which was dated during his stay in the hospital. Driscoll maintained he never remembered signing the document, he did not intend to convey his land to Cones, and he also did not receive anything of value in return for the conveyance. Driscoll then sued Cones to rescind the warranty deed and undo the conveyance. During the litigation, he also discovered a copy of a will with his signature, apparently signed in the hospital a day after the warranty deed, naming Cones the executor of his estate.

Unfortunately, Driscoll died while the trial was pending. Before passing he rejected the will signed in the hospital and executed a new will appointing his surviving cousin,

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court, this appeal will be decided in accordance with the precedent of the Third Court of Appeals. TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251 (Tex. 2022).

Lynn Helton, as executor of his estate. The revised will was admitted to probate and letters testamentary were issued to Helton. The pending litigation was then transferred to the probate court at the behest of Helton as executor of Driscoll's estate. At trial, the jury found Driscoll did not have the requisite capacity to execute the warranty deed and there was no consideration paid for the deed. Based on the jury's findings, the trial court entered judgment against Cones.

## ANALYSIS

### ISSUE THREE—JURISDICTION OF THE COURT

We address Cones's third issue first because it offers him the greatest relief. Cones claims the probate court lacked jurisdiction to hear the case. We review questions of subject matter jurisdiction de novo. *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 682 (Tex. 2020) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). Because the trial court granted a plea to the jurisdiction in the case, he argues, it no longer had jurisdiction to hear the merits of the case. He urges "[the order granting the plea to the jurisdiction] dismiss[ed] [Cones] with prejudice from the probate case thus making it a final judgment as to [Cones,]" and therefore the "transfer [to the probate court] was improper as the probate court had already issued a final judgment against [Cones]."

Cones mischaracterizes the plea to the jurisdiction, which only sought to dismiss Cones's claim opposing the admission of the revised will based on Cones's lack of standing; it did not seek to dismiss Cones as a *party*. The trial court's granting of the plea only disposed of Cones's claims, but Driscoll's claims against him were still live and

3

required disposition. The trial court retained jurisdiction over Cones as a party and therefore had jurisdiction to hear the claims pending against him. His argument is simply without merit, and his third issue is overruled.

**ISSUE ONE—IMPROPER JURY INSTRUCTION**

Cones raises as his first issue the trial court improperly instructed the jury. He argues the trial court's instruction violated Rule 292 of the Texas Rules of Civil Procedure because the jurors were not instructed that the same five of six jurors had to make the same finding on each of the three jury charge questions in order to reach a verdict.[2] TEX. R. CIV. P. 292.

"We review a trial court's decision to submit or refuse a particular instruction under an abuse of discretion standard of review." *Alsay, Inc. v. Gicon Pumps & Equip., Inc.*, No. 07-19-00302-CV, 2020 Tex. App. LEXIS 7597, at *6 (Tex. App.—Amarillo Sep. 17, 2020, no pet.) (mem. op.) (quoting *In re V.L.K.*, 24 S.W.3d 338, 341 (Tex. 2000)). The trial court has considerable discretion in determining necessary and proper jury instructions. *Id.* We will not reverse a judgment for jury charge error in the absence of harm. *Alsay*, 2020 Tex. App. LEXIS 7597, at *6 (citing *Lone Star Gas Co. v. Lemond*, 897 S.W.2d 755, 756–57 (Tex. 1995) (per curiam); *Friday v. Spears*, 975 S.W.2d 699, 700 (Tex. App.—Texarkana 1998, no pet.)).

The court's jury charge under the section entitled "Instructions for Signing the Verdict Certificate" read:

---

[2] Because the case was tried in county court, the jury panel consisted of only six jurors.

4

> You may answer the questions on a vote of five jurors. Five jurors must agree on each answer in the charge. This requirement means you may have one group of five jurors agree on one answer and a different group of five jurors agree on another answer.

Cones takes particular issue with the language "you may have one group of five jurors agree on one answer and a different group of five jurors agree on another answer." He urges this language is contrary to the requirement of Rule 292 that "a verdict may be rendered in any cause by the concurrence, as to each and all answers made, *of the same* . . . five or more members of an original jury of six." *Id.* (emphasis added). We agree.

> The recommended jury instruction under Rule 226a is:

> You may answer the questions on a vote of [five] jurors. The same [five] jurors must agree on every answer in the charge. This means you may **not** have one group of [five] jurors agree on one answer and a different group of [five] jurors agree on another answer.

TEX. R. CIV. P. 226a (emphasis added). The conspicuous absence of the word "not" from the trial court's instruction, as Cones suggests, results in an instruction permitting the jury to reach a verdict where the same five jurors have not agreed to the same answers. The trial court erred in improperly instructing the jury.

However, erroneous rulings require reversal only if a review of the record reveals the error was harmful. *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 728 (Tex. 2016). The three questions submitted to the jury were:

1. whether Driscoll received adequate consideration for the deed;

2. whether he lacked sufficient mental capacity to execute the deed; and

5

3. whether Cones exerted any undue influence on Driscoll to cause him to execute the deed.

The jury answered unanimously "no" to question one and unanimously "yes" to question two, but only five of the six agreed on the answer of "no" to question three. The thesis of Cones's argument is we are unable to discern which of the five jurors agreed to the answers for all three questions. He arrives at this conclusion by surmising "a juror who did not agree with the answer to a certain question could sign off that they did so anyway even if he or she did not agree to it because they were told they did not have to agree to each answer." But this argument ignores the math: a *unanimous* jury found Driscoll gave no consideration to Cones for the warranty deed *and* that Driscoll lacked capacity at the time he signed the deed. The third question, whether Cones exerted any undue influence upon Driscoll, was answered in favor of Cones when five of the jurors answered in the negative. Thus, logically, the same five of the six jurors necessarily found the same answers to all three questions.

Even if the trial court did err in its instruction, because the same five jurors ultimately agreed to the same three answers to the jury questions, the trial court's error was harmless. TEX. R. APP. P. 44.1(a)(1). We overrule Cones's first issue.

**ISSUES TWO AND FOUR—SUFFICIENCY OF THE EVIDENCE SUPPORTING THE JURY'S FINDINGS**

The second issue raised by Cones is a legal sufficiency challenge to the evidence supporting the jury's finding of no consideration for the deed, while his fourth issue presents a factual sufficiency challenge to the finding Driscoll lacked capacity. A legal sufficiency challenge "will be sustained when (a) there is a complete absence of evidence

6

of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 115 (Tex. 2009) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). When we review factual sufficiency, we consider and weigh all of the evidence and will set aside the verdict only if it is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *City of Keller v. Wilson*, 168 S.W.3d 802, 826 (Tex. 2005).

Addressing his fourth issue first, Cones suggests the jury was presented with only one witness—the notary public who notarized the deed—who testified she thought Driscoll had capacity at the time he executed the deed. He urges this was the only evidence of capacity at the time of the execution of the deed, and therefore the jury's finding to the contrary was against the weight of the evidence.

However, the jury was also presented other evidence of Driscoll's lack of capacity at the time of his admission to the hospital, including Driscoll's affidavit and deposition testimony, and the expert testimony of the geriatric psychiatrist who met Driscoll and examined his medical records and deposition. A reasonable juror could have believed this evidence. Although Cones is correct in asserting the only witness to Driscoll's signing of the documents in question was the notary public, the jury was free to discredit her testimony and also make reasonable inferences regarding Driscoll's capacity based on the other evidence presented. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003) (the jury is the sole judge of the credibility of witnesses and the weight to

7

be given to their testimony). A reasonable juror could believe—given Driscoll's age, the fact he suffered a stroke at the time of the signing of the documents, his own recollection of not being able to comprehend the documents presented to him, and the doctor's expert testimony—he lacked capacity at the time.

The jury's finding Driscoll lacked mental capacity was not so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. We overrule Cones's fourth issue. Because the jury's finding Driscoll lacked capacity was sufficient to uphold the judgment rescinding the deed, we do not reach his second issue. TEX. R. APP. P. 47.1.[3] His issue two is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

---

[3] A lack of consideration and a lack of mental capacity are both defenses to the validity of a contract. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 409 (Tex. 1997) ("A contract that lacks consideration, lacks mutuality of obligation and is unenforceable."); *In re Morgan Stanley & Co.*, 293 S.W.3d 182, 183 (Tex. 2009) (lack of mental capacity was a defense to formation of contract containing arbitration agreement). Therefore, a finding by the jury the deed either lacked consideration or the grantor lacked capacity makes the deed unenforceable. *See id.*